## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ICM REGISTRY, LLC, | ) |
| | ) |
| Plaintiff, | )    Civil Action No. 06-0949 (JR) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| COMMERCE and | ) |
| UNITED STATES DEPARTMENT OF | ) |
| STATE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF UNITED STATES DEPARTMENT OF COMMERCE AND UNITED STATES DEPARTMENT OF STATE

Defendants, the United States Department of Commerce and the United States Department of State (collectively, the "Defendants"), hereby answer plaintiff's Complaint for Injunctive Relief for Violation of the Freedom of Information Act ("Complaint") in this matter as follows:

### First Defense

The Court lacks jurisdiction over Plaintiff's second FOIA request filed with Commerce (CRRIF No. 06-127, which is attached as Appendix C to the Complaint) because Plaintiff failed to exhaust its administrative remedies with respect to it.

### Second Defense

The court lacks subject-matter jurisdiction over the complaint to the extent that the complaint seeks relief beyond that authorized by the FOIA.

1

**Third Defense**

Plaintiff is not entitled to compel the production of records exempt from disclosure pursuant to one or more of the exemptions in the FOIA, 5 USC § 552.

**Fourth Defense**

In response to the numbered paragraphs of the Complaint, Defendants respond as follows:

**GENERAL ALLEGATIONS**

1.     The Department of Commerce admits that plaintiff sent the Department of Commerce FOIA requests on October 18, 2005, attached as Appendix B to the Complaint, and on December 2, 2005, attached as Appendix C to the Complaint.  The Department of State admits that plaintiff sent the Department of State the FOIA request attached as Appendix A and the "appeal" letter attached as Appendix D.  The remainder of Paragraph 1 consists of plaintiff's characterization of this civil action, to which no response is required.

2.     Defendants aver that the first sentence of paragraph 2 constitutes plaintiff's characterization of its FOIA requests, this civil action and its prayer for relief, to which no response is required.  Defendants respectfully refer the Court to those requests, which are attached to the Complaint, and are the best evidence of their  contents.  The allegations contained in the remainder of paragraph 2 are denied.

**JURISDICTION AND VENUE**

3.     This paragraph contains plaintiff's allegation of jurisdiction which is a legal conclusion for which no response is required.

4.     This paragraph contains plaintiff's allegation of venue which is a legal conclusion

2

for which no response is required.

## THE PARTIES

5.     The Defendants lack sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations contained in paragraph 5 of the Complaint, and thus denies them, except that they aver that ICM Registry is the plaintiff in this case and that, upon information and belief, ICM is an applicant to the Internet Corporation for Assigned Names and Numbers ("ICANN") for a new ".xxx" sponsored top-level domain ("sTLD").

6.     The Defendants admit the allegations in paragraph 6.

7.     The Defendants lack knowledge sufficient to admit or deny the allegation that the Department of State is in "possession and control over records described herein that have been and are sought by plaintiff."  The Department of State avers that its search for records responsive to plaintiff's request is still in progress.  The Defendants admit the remainder of paragraph 7.

## BACKGROUND

8.     The Department of Commerce avers that the first three sentences in paragraph 8 are Plaintiff's characterizations of a non-party's status and functions, to which no response is required.   The remaining assertions in paragraph 8 are denied.  The Department of Commerce also avers that the allegations in this paragraph are irrelevant to plaintiff's alleged cause of action under the FOIA.

The Department of State lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 8, and so denies.  The Department of State also avers that the allegations in this paragraph are irrelevant to plaintiff's alleged cause of action

3

under the FOIA.

9.    The Department of Commerce avers that the assertions in paragraph 9 are plaintiff's characterizations of legal agreements, to which no response is required. The Department of Commerce also avers that the allegations in this paragraph are irrelevant to plaintiff's alleged cause of action under the FOIA.

The Department of State lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 9, and so denies. The Department of State also avers that the allegations in this paragraph are irrelevant to plaintiff's alleged cause of action under the FOIA.

10.    The Department of Commerce admits that it has no regulatory authority over ICANN. The assertions contained in the remainder of paragraph 10 are denied. The Department of Commerce also avers that the allegations in this paragraph are irrelevant to plaintiff's alleged cause of action under the FOIA.

The Department of State lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 10, and so denies. The Department of State also avers that the allegations in this paragraph are irrelevant to plaintiff's alleged cause of action under the FOIA.

11-16.    The Departments of Commerce and State lack sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraphs 11 through 16, and so deny. The Defendants also aver that the allegations in these paragraphs are irrelevant to plaintiff's alleged cause of action under the FOIA.

17.     The Department of Commerce admits that NTIA submitted a letter dated August 11, 2005, from Michael Gallagher, then Assistant Secretary for Communications and Information, to Dr. Vinton Cerf, Chairman of the Board, ICANN. The Department of Commerce respectfully refers the Court to that letter which is the best evidence of its contents (which is attached to the Complaint as Appendix E, Exhibit 21). The remainder of Plaintiff's assertions in paragraph 17 constitute its characterization of contents of the letter, to which no response is required, but insofar as a response is required, the assertions are denied. The Department of Commerce also avers that the allegations in this paragraph are irrelevant to plaintiff's alleged cause of action under the FOIA.

The Department of State lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 17, and so denies. The Department of State also avers that the allegations in this paragraph are irrelevant to plaintiff's alleged cause of action under the FOIA.

18.     The Departments of Commerce and State lack sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 18, and so deny. The Defendants also aver that the allegations in this paragraph are irrelevant to plaintiff's alleged cause of action under the FOIA.

19.     The Department of Commerce admits that ICANN did not approve the contract to operate the .xxx sTLD at its August 16, 2005, meeting. The remaining assertions in the first sentence of paragraph 19 are denied. The Department of Commerce also avers that the allegations in the first sentence of this paragraph are irrelevant to plaintiff's alleged cause of

action under the FOIA.  As to the second sentence of paragraph 19, the Department of Commerce

lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's

allegations, and thus denies them.  The Department of Commerce also avers that the allegations

in the second sentence of this paragraph are irrelevant to plaintiff's alleged cause of action under

the FOIA.  The Department of Commerce admits the assertions in the final sentence of paragraph

19, but avers that these assertions are irrelevant to plaintiff's alleged cause of action under the

FOIA.

The Department of State lacks sufficient knowledge or information to form a belief as to

the truth of Plaintiff's allegations in paragraph 19, and so denies.  The Department of State avers

that the allegations in this paragraphs are irrelevant to plaintiff's alleged cause of action under the

FOIA.

20.    The Department of Commerce admits that ICM submitted one request dated

October 18, 2005, under the FOIA to the Department of Commerce's Freedom of Information

Officer requesting certain records.  The Department of Commerce respectfully refers the Court to

that request (attached as Appendix B to the Complaint) for a description of the documents

Plaintiff sought from the Department of Commerce, and how Plaintiff asked that the Department

of  Commerce account for any records withheld.  Under 15 C.F.R. § 4.5(a), (part of Commerce's

FOIA regulations at 15 C.F.R. Part 4, Subpart A), lead responsibility for responding to Plaintiff's

request was assigned to the Department of Commerce's National Telecommunications

Information Administration (NTIA).  Plaintiff's request was also tasked to the Department of

Commerce's Immediate Office of the Secretary to determine whether it possessed any responsive

records.  Admits that the Department of Commerce designated ICM's FOIA request as CRRIF

No. 06-068, but not 06-608 as Plaintiff also states in paragraph 20.

The Department of State admits that it received a copy of the FOIA request from plaintiff dated October 18, 2005 and attached as Appendix A to the complaint.  The Department of State further admits that this FOIA request has been assigned case number 200504606.  The Department of State avers that the FOIA request speaks for itself and respectfully refers the Court to Appendix A in response to plaintiff's characterization of this FOIA request.  The Department of State lacks knowledge sufficient to admit or deny the allegations of paragraph 20 relating to the Department of Commerce.

21.    The Department of Commerce admits that ICM submitted a second FOIA request, dated December 2, 2005, to Commerce's Freedom of Information Officer requesting certain records.  The Department of Commerce respectfully refers the Court to that request (a copy of which is attached as Appendix C to the Complaint) which is the best evidence of its content, including how Plaintiff asked that the Department of Commerce account for any records withheld.  Under 15 C.F.R. § 4.5(a), lead responsibility for responding to Plaintiff's request was assigned to NTIA.  Admits that the Department of Commerce designated ICM's FOIA request as CRRIF No. 06-127.

The Department of State lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 21, and so denies.

22.    The Department of Commerce  lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 22, and so denies.

The Department of State admits that Appendix D, Exhibit 2 and Appendix H are copies

of correspondence that the Department of State sent to plaintiff in response to its FOIA request and "appeal" letter.  The Department of State avers that its search for records responsive to plaintiff's request is still in progress, and denies the remainder of paragraph 22.

23.    The Department of Commerce admits that NTIA initially responded to Plaintiff's request 06-068 (not 06-608 as Plaintiff states in paragraph 23) by letter dated November 18, 2005, which transmitted certain documents and "withheld certain documents in whole or in part under 5 U.S.C. § 552(b)(5) as predecisional or privileged."  Admits that certain of the transmitted documents included redacted portions, which in some cases included entire pages, and that the redacted portions included notations that 5 U.S.C. § 552(b)(5) was the basis for redaction. Admits that Plaintiff filed an administrative appeal with the Department of Commerce of the initial partial denial by NTIA.  The remainder of Plaintiff's assertions in paragraph 23 constitute its characterization of actions taken by the parties in this case, to which no response is required, but insofar as a response is required, the assertions are denied.

The Department of State lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 23, and so denies.

24.    The Department of Commerce admits that the only explanation NTIA provided Plaintiff for withholding records pursuant to its FOIA response were contained in the FOIA response and in notations on the released documents themselves, as described in paragraph 23 above.  Plaintiff's assertions regarding its ability to determine the nature of material withheld based on the context of the redactions are conclusions as to which no response is required, but insofar as a response is required, the assertions are denied.

The Department of State lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 24, and so denies.

25.    The Department of Commerce admits that by letters dated December 19 and 21, 2005, NTIA sent Plaintiff supplemental responses to Commerce FOIA request 06-068 which provided additional responsive records, and that the letters were sent pursuant to NTIA's statement in its November 18, 2005, initial response it had:

> identified certain documents from other agencies which may be responsive to your request and is in the process of coordinating with those agencies to accord them proper treatment under FOIA.

The Department of Commerce admits that the supplemental responses included documents with notations indicating that portions of the documents were withheld in part or in full based on 5 U.S.C. § 552(b)(5).

The Department of State lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 25, and so denies.

26.    The Department of Commerce admits that Plaintiff filed an administrative appeal with Commerce of NTIA's November 18, 2005, initial response to request 06-068, and that NTIA's December 19 and 21, 2005, supplemental responses were later incorporated into the appeal.  As for the remainder of Plaintiff's assertions in paragraph 26, the Department of Commerce  respectfully refers the Court to the appeal, which is attached as Appendix D, Exhibit 5 to the Complaint, for the content of Plaintiff's statements about the records released as the appeal is the best evidence of its contents.  Plaintiff's assertions are conclusions and inferences about the released records, to which no response is required, but insofar as a response is required,

the assertions are denied.

The Department of State lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 26, and so denies.

27.    The Department of Commerce avers that Plaintiff's assertions in paragraph 27 are characterizations of statements it made in its appeal with respect to CRRIF 06-068, to which no response is required, but insofar as a response is required, the assertions are denied. The Department of Commerce respectfully refers the Court to the appeal (attached as Appendix D, Exhibit 5 to the Complaint) for the content of Plaintiff's assertions described in paragraph 27, as the appeal is the best evidence of its contents.

The Department of State lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 27, and so denies.

28.    The Department of Commerce avers that Plaintiff's assertions in paragraph 28 are characterizations of statements it made in its appeal with respect to CRRIF 06-068, to which no response is required, but insofar as a response is required, the assertions are denied.  The Department of Commerce respectfully refers the Court to the appeal (attached as Appendix D, Exhibit 5 to the Complaint) for the content of Plaintiff's assertions described in paragraph 28, and to the e-mail Plaintiff references in paragraph 28 for its content (the e-mail is attached as Appendix E, Exhibit 5 to the Complaint), as the appeal and e-mail are the best evidence of their contents.

The Department of State lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 28, and so denies.

29.     The Department of Commerce respectfully refers the Court to the August 16, 2005, e-mail referenced by Plaintiff for its content, which is attached as Appendix E, Exhibit 25 to the Complaint.  The remainder of Plaintiff's assertions in paragraph 29 are inferences and conclusions, to which no response is required, but insofar as a response is required, the assertions are denied.

The Department of State lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 29, and so denies.

30.     The Department of Commerce respectfully refers the Court to the August 5, 2005, e-mail referenced by Plaintiff (attached as Appendix E, Exhibit 26 to the Complaint) for its content. The Department of Commerce  notes that the quoted document was authored by Evan Goitein, a legislative assistant for Congressman John T. Doolittle, not the Department of Commerce.  Plaintiff's assertions in the remainder of paragraph 30 are characterizations of statements it made in its appeal with respect to CRRIF 06-068, and conclusions it drew from the appeal, to which no response is required, but insofar as a response is required, the assertions are denied. The Department of Commerce refers the Court to the appeal for the content of ICM's assertions described in paragraph 30.

The Department of State lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 30, and so denies.

31.     The Department of Commerce admits that it has not yet rendered a decision on ICM's appeal with respect to the Department of Commerce request 06-068.  Admits that Counsel for ICM sent Commerce a letter discussing the appeal, and that Commerce sent Counsel for ICM

11

a letter discussing the appeal.  The Department of Commerce refers the Court to those letters which are the best evidence of their contents and are attached to the Complaint as Appendices J and K.  Admits that the Department of Commerce attorney handling the appeal of CRRIF 06-068 received telephone calls from Counsel for ICM regarding the appeal and that the Department of Commerce attorney spoke to Counsel for ICM by telephone about the timing of a response to the appeal.

The Department of State lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 31, and so denies.

32.    The Department of Commerce admits that by letter dated January 19, 2006, NTIA responded to Plaintiff's request  06-127, and that it transmitted responsive records and withheld portions of certain records, as described more fully in NTIA's letter attached as Appendix F, Exhibit 2 to the Complaint.  Admits that Plaintiff filed an administrative appeal of NTIA's initial determination.  The Department of Commerce refers the Court to that appeal, which is included as Appendix F to the Complaint, for the grounds of the appeal.  Denies that Plaintiff's administrative appeal of Commerce request 06-127 has never been resolved.  By letter dated March 2, 2006 (a copy of which is attached hereto as Exhibit 1), the Department of Commerce informed Plaintiff that the appeal would not be considered because it was untimely.  To the extent that any further response is required, the Department of Commerce states that paragraph 32 contains Plaintiff's characterizations of its request 06-127 and of NTIA's response letter, to which no response is required.  To the extent that any response is required, the Department of Commerce denies any such assertions.

The Department of State lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 32, and so denies.

33.    The Department of Commerce denies that it has unlawfully redacted and withheld documents in response to Plaintiff's requests.  As to first four sentences of paragraph 33, the Department of Commerce avers that the allegations are irrelevant to plaintiff's alleged cause of action under the FOIA.  As to the remaining assertions in paragraph 33, the Department of Commerce lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations, and thus denies them.

The Department of State lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 33, and so denies.  The Department of State avers that the allegations in paragraph 33 are irrelevant to plaintiff's alleged cause of action under the FOIA.

34.  The Department of Commerce denies the allegations in paragraph 34.  The Department of Commerce also avers that the allegations in this paragraph are irrelevant to plaintiff's alleged cause of action under the FOIA.

The Department of State lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 34, and so denies.  The Department of State avers that the allegations in paragraph 34 are irrelevant to plaintiff's alleged cause of action under the FOIA.

35.    The Department of Commerce admits that it provided some records sought in ICM's request, and that it withheld others in part or in full based on applicable exemptions of the

13

FOIA.  Admits that Plaintiff filed an administrative appeal of NTIA's initial determination, and that the Department of Commerce  has not yet responded to Plaintiff's appeal.  The remainder of Plaintiff's assertions in paragraph 35 are conclusions of law, to which no response is required, but insofar as a response is required, the assertions are denied.

The Department of State denies the allegations in paragraph 35 relating to the Department of State, and lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations relating to the Department of Commerce, and so denies.

## FIRST CLAIM FOR RELIEF

Paragraphs 36 to 43 of the complaint are directed solely at Defendant Department of State, which responds as follows:

36.    Defendants incorporate their responses to paragraphs 1 through 35 as if fully set forth herein.

37.    The Department of State admits that it received a copy of the FOIA request from plaintiff dated October 18, 2005 and attached as Appendix A to the complaint.  The Department of State further admits that this FOIA request has been assigned case number 200504606.  The Department of State avers that the FOIA request speaks for itself and respectfully refers the Court to Appendix A in response to plaintiff's characterization of this FOIA request.  The Department of State denies the remainder of paragraph 37.

38.    The Department of State denies the allegations in paragraph 38.

39.    The Department of State denies the allegations in paragraph 39.

40.    The Department of State avers that the allegation in paragraph 40 states a legal

conclusion to which no response is required.

41.    The Department of State denies the allegation in paragraph 41.

42.    The Department of State denies the allegation in paragraph 42.

43.    The Department of State denies the allegation in paragraph 43.

## SECOND CLAIM FOR RELIEF

Paragraphs 44 to 53 of the complaint are directed solely at Defendant Department of Commerce, which responds as follows:

44.    Defendants incorporate their responses to paragraphs 1 through 35 as if fully set forth herein.

45.    The Department of Commerce admits that by letter dated October 18, 2005, ICM filed a request designated as CRRIF FOIA 06-068 with the Department of Commerce. The Department of Commerce respectfully refers the Court to Plaintiff's request (attached as Exhibit B to the Complaint) for a description of the documents sought.

46.    The Department of Commerce admits that it provided ICM certain records sought in its request, and that it withheld others in part or in full based on applicable exemptions of the FOIA.

47.    The Department of Commerce admits that ICM has a statutory right to request documents under the FOIA, and that requested documents must be released unless they fall under specified exemptions of the FOIA.  Denies that there is no legal basis for the Department of Commerce's redaction of records it disclosed or its withholding of records.

15

48.    The Department of Commerce denies the allegations in paragraph 48.

49.    The Department of Commerce admits that it has not yet filed a response to ICM's administrative appeal filed on December 2, 2005.  The remainder of Plaintiff's allegations in paragraph 49 consist of legal conclusions, to which no response is required, but insofar as a response is required, the assertions are denied.

50.    The Department of Commerce avers that the allegations in paragraph 50 consist of legal conclusions, to which no response is required, but insofar as a response is required, the assertions are denied.

51.    The Department of Commerce avers that the allegations in paragraph 51 consist of legal conclusions, to which no response is required, but insofar as a response is required, the assertions are denied.

52.    The Department of Commerce avers that the allegations in paragraph 52 consist of legal conclusions, to which no response is required, but insofar as a response is required, the assertions are denied.

53.    The Department of Commerce denies the allegations in paragraph 53.

**THIRD CLAIM FOR RELIEF**

Paragraphs 54 to 63 of the complaint are directed solely at Defendant Department of Commerce, which responds as follows:

54.    Defendants incorporate their responses to paragraphs 1 through 35 as if fully set forth herein.

16

55.     The Department of Commerce admits that by letter dated December 2, 2005, ICM filed CRRIF FOIA 06-127 with Commerce.  The Department of Commerce respectfully refers the Court to Plaintiff's request (attached as Exhibit C to the Complaint) for a description of the documents sought.

56.     The Department of Commerce admits that it provided some records sought in ICM's request, and that it withheld others in part or in full based on applicable exemptions of the FOIA.  The remainder of Plaintiff's assertions constitute its characterization of Commerce's response to Plaintiff's request, to which no response is required, but insofar as a response is required, the assertions are denied.

57.     The Department of Commerce admits that ICM has a statutory right to request documents under the FOIA, and that requested documents must be released unless they fall under specified exemptions of the FOIA.  Denies that there is no legal basis for the Department of Commerce's redaction of records it disclosed or its withholding of certain records.

58.     The Department of Commerce denies the allegation in paragraph 58.

59.     The Department of Commerce denies the allegation in paragraph 59, but avers that by letter dated March 2, 2006 (a copy of which is attached hereto as Exhibit 1), Commerce informed Plaintiff that its appeal would not be considered because it was untimely.

60.      The Department of Commerce avers that Plaintiff's allegations in paragraph 60 consist of legal conclusions, to which no response is required, but insofar as a response is required, the assertions are denied.

61.     The Department of Commerce denies the allegation in paragraph 61.

62.     The Department of Commerce denies the allegation in paragraph 62.

63.     The Department of Commerce denies the allegation in paragraph 63.

## RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required from the Department of State or the Department of Commerce.  To the extent a response is required, the Department of State and Department of Commerce each deny that Plaintiff is entitled to the relief it seeks from their respective agencies.  The Department of State and Department of Commerce hereby specifically deny all allegations of the Complaint not expressly admitted in this Answer.

WHEREFORE, the Department of State and Department of Commerce request that the Court enter a judgment:

a.  Dismissing the Complaint against each defendant with prejudice;

b.  Awarding each defendant such other relief as the Court deems just, equitable and proper.

18

Respectfully submitted,

_____

KENNETH L. WAINSTEIN, D.C. Bar # 451058

United States Attorney


_____

RUDOLPH CONTRERAS, D.C. Bar # 434122

Assistant United States Attorney


_____

MARIAN L. BORUM, D.C. BAR # 435409

Assistant United States Attorney

555 Fourth Street, N.W. - Civil Division

Washington, D.C.  20530

(202) 514-6531

Counsel for Defendants

19

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June, 2006, the foregoing was served upon counsel for plaintiff via the Court's ECF e-mail. I further certify that the signed original of this motion shall be retained in the official case file.

_____
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney