# ICM Registry, LLC v. U.S. Department of Commerce and U.S. Department of State
## Civil Action No. 06-0949

## McCready Declaration
## Exhibit 3

LAWYERS



# Davis Wright Tremaine LLP

RONALD G. LONDON　　　　　SUITE 450　　　　　　　　　　TEL (202) 508-6600
DIRECT (202) 508-6635　　　　1500 K STREET NW　　　　　　FAX (202) 508-6699
ronnielondon@dwt.com　　　　WASHINGTON, D.C. 20005-1262　www.dwt.com

February 21, 2006

*VIA FACSIMILE* - (202) 482-2552
*and EMAIL* – FOIAAppeals@doc.gov

Assistant General Counsel for Administration
United States Department of Commerce
1401 Constitution Avenue, N.W., Room 5898-C
Washington, DC 20230

　　　　Re:　CRRIF 06-127
　　　　　　　Freedom of Information Act Appeal

Dear Sir or Madam:

　　　　Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), your agency's implementing regulations and policies, including but not limited to 15 C.F.R. § 4.10, and the National Telecommunications and Information Administration's ("NTIA") letter of January 19, 2006 responding to the above-referenced FOIA request, ICM Registry, LLC ("ICM Registry"), by counsel, hereby submits its appeal of agency action in response to its FOIA request. A copy of the FOIA request and the NTIA response are attached as Exhibits 1 and 2.

　　　　ICM Registry filed FOIA request CRRIF 06-127 on December 2, 2005 to ask that the Department of Commerce and any Bureau or component thereof, including but not limited to NTIA, provide ICM Registry with copies of records pertaining to plans of John Kneuer, NTIA's Deputy Assistant Secretary for Communications and Information, to attend, and/or participate in, the meeting of the Internet Corporation for Assigned Names and Numbers ("ICANN") that was held November 30 through December 4, 2005 in Vancouver, Canada (the "FOIA Request"). The FOIA Request asked that if any of the foregoing information was withheld, ICM Registry should receive copies of all non-exempt, reasonably segregable portions of the material, as well as a detailed statement of the statutory basis and reasons for each instance of withholding, and an index or similar statement of the nature of any withheld materials.

　　　　NTIA responded to the FOIA Request by letter of January 19, 2006 by which it transmitted approximately 250 pages of records and claimed an exemption to withhold portions "in whole or in part under … 5 U.S.C. § 552(b)(5) as … contain[ing] predecisional, deliberative process, and/or attorney client privileged information" (the "FOIA Response"). Of these, many con-

February 21, 2006
Page 2

tained redactions obscuring parts of the document with a notation to Section 552(b)(5), and/or consisted solely of pages that were blank save for a reference to Section 552(b)(5) that indicated documents consisting of one or more pages were withheld in full. Other than the statement in the FOIA Response and handwritten notations on the documents, NTIA provided no explanation of the statutory basis and reasons for redacting/withholding the documents, nor did it provide any index or other statement indicating the nature of the materials withheld. In virtually all cases of redaction, it is impossible to determine from context the nature of the material withheld and, of course, in cases where a document was withheld in full, it is not possible to determine its nature or the specific reasons that might have lead to its nondisclosure.

This treatment mirrors that to which NTIA subjected documents it produced when it responded to a previous request ICM Registry submitted, CRRIF 06-068, as to which we filed an administrative appeal December 2, 2005 (and a supplement January 3, 2006). That prior appeal showed that NTIA's claims of Exemption 5 nondisclosure (i) were impermissibly conclusory and general; (ii) did not indicate to what action the redacted/withheld records pertain, nor were there governmental "decisions" that may suffice; (iii) in many cases involved redactions/withholdings offered not for *predecisional* agency records (assuming any "decision" could be identified) but rather records that would post-date any claimed action, and (iv) in many cases involved records that appeared to have been shared with parties outside the agency. Many of these same problems plague the present FOIA Response's withholdings and redactions.

Since the time provided by FOIA Section 552(a)(6)(A)(ii) for deciding administrative appeals has long passed with respect to CRRIF 06-068, we expect that a decision on that appeal is imminent, and that it will control with respect to any administrative appeal of the instant FOIA Response. Accordingly, we do not repeat here, but rather incorporate by reference, the explanation for why the records withheld should be made available, and why denial was inappropriate, with regard to all NTIA responses to ICM Registry's FOIA requests CRRIF 06-068 and 06-127. (If necessary, ICM Registry will, upon request from your office, furnish copies of the administrative appeal and supplement in CRRIF 06-068 that it incorporates by reference here). However, we do not wish this administrative appeal to delay resolution of ICM Registry's appeal of the response to CRRIF 06-068, which is long overdue. To the extent that, upon its issuance, that decision warrants a supplement to this appeal, we will file one at that time.

Otherwise, we look forward to your response to this appeal within the twenty working days specified by the FOIA and your agency's rules. If there are questions regarding this matter, or there is any information we can offer to bring it to an expeditious resolution, please contact us.

Very truly yours,

Davis Wright Tremaine LLP

Ronald G. London
Counsel for ICM Registry