# ICM Registry, LLC v. U.S. Department of Commerce and U.S. Department of State
## Civil Action No. 06-0949

## Smith Declaration
## Exhibit 6

Exhibit 6



# Davis Wright Tremaine LLP

| | | |
|---|---|---|
| R BE\[R\]T CORN-REVERE<br>D \[I\]ECT (202) 508-6625<br>b\[o\]bcornrevere@dwt.com | SUITE 450<br>1500 K STREET NW<br>WASHINGTON, D.C. 20005-1262 | TEL (202) 508-6600<br>FAX (202) 508-6699<br>www.dwt.com |

January 3, 2006

V\[IA\] FACSIMILE - (202) 482-2552
A\[n\]dy McCready
U\[n\]ited States Department of Commerce
1\[40\]1 Constitution Avenue, N.W., Room 5898-C
W\[a\]shington, DC  20230

    Re:  CRRIF 06-068
          Freedom of Information Act Appeal

D\[e\]ar Mr. McCready:

    This memorializes our phone conversation this morning during which we discussed th\[e\] timing of your response to the appeal taken by ICM Registry, LLC, from the November 18, 2\[0\]05, letter by the National Telecommunications and Information Administration ("NTIA") re\[s\]ponding to the FOIA request for records related to Commerce Department involvement in the ap\[p\]roval process for a new ".xxx" top-level domain. The appeal seeks review of NTIA's provisi\[o\]n of approximately 1,600 pages of records, of which 120 had redactions obscuring parts of the do\[c\]ument with a notation to FOIA Section 552(b)(5), and 98 consisted of pages that were blank ex\[c\]ept for a reference to Section 552(b)(5), indicating that documents consisting of one or more pa\[g\]es were withheld in full. As noted in the appeal, other than handwritten notations on the re\[c\]ords, NTIA offered no explanation of the statutory basis and reasons for redacting/withholdin\[g\] documents, nor did it provide any index or other statement indicating the nature of materials w\[it\]hheld. Accordingly, in virtually all cases it is impossible to determine the nature of the withhe\[l\]d material, or to assess the validity of NTIA's claims under FOIA Exemption 5.

    During our conversation, I noted that we had since received two supplemental FOIA re\[sp\]onses from NTIA, dated December 19 and 21, 2005, providing additional records responsive to \[t\]he FOIA request, which NTIA claimed required coordination with other agencies before they co\[u\]ld be released. As with the initial response, the supplemental responses include documents wi\[t\]h notations to Section 552(b)(5) that indicate records that have been redacted and/or withheld in \[f\]ull. Copies of the supplemental responses are attached, as is a copy of the original FOIA ap\[p\]eal (from which we have omitted the materials designated as "Exhibit 3," which consist of ov\[e\]r 350 pages reflecting documents redacted/withheld by NTIA). During our call this morning,

January 3, 2006
Page 2



I noted that ICM Registry objects to the redactions and withholding in the records furnished in the supplemental responses for the same reasons stated in its appeal of NTIA's initial production of records. Specifically, NTIA's claims of Exemption 5 nondisclosure (i) are impermissibly conclusory and general: (ii) do not indicate to what action the redacted/withheld records pertain, nor are there governmental "decisions" that may suffice; (iii) in many cases redactions/withholdings are offered not for *predecisional* agency records (assuming any "decision" could be identified) but rather for records that would post-date any claimed action, and (iv) in many cases involve documents that appear to have been shared with parties outside the agency. Accordingly, you agreed to treat ICM Registry's appeal with respect to the supplemental responses, which this letter constitutes, as a single matter with the original appeal.

We also discussed the fact that, even though the time period provided by FOIA Section 552(a)(6)(A)(ii) for deciding administrative appeals expires today, you expect to take additional time before reaching a decision on the merits of ICM Registry's appeal. Accordingly, you asked if ICM Registry would be willing to hold the appeal in abeyance for up to two weeks pending your decision. We have raised that issue with ICM Registry and will advise you regarding any response. In the meantime, however, ICM Registry reserves the right to pursue judicial review under 5 U.S.C. § 552(a)(6)(C), as provided by Section 4.10(e) of your rules.

If further discussion is warranted in the interim, please do not hesitate to contact me.

Very truly yours,

Davis Wright Tremaine LLP

Robert Corn-Revere
Counsel for ICM Registry