# ICM Registry, LLC v. U.S. Department of Commerce and U.S. Department of State
## Civil Action No. 06-0949

## Smith Declaration
## Exhibit 8

Exhibit 8

**UNITED STATES DEPARTMENT OF COMMERCE**
Office of the General Counsel
Washington, D.C. 20230

JUL 1 3 2006

Robert Corn-Revere, Esq.
Davis Wright Tremaine LLP
Suite 450, 1500 K Street NW
Washington, D.C. 20005-1262

Dear Mr. Corn-Revere:

This is the final response of the Department of Commerce to your appeal under the Freedom of Information Act (5 U.S.C. § 552)(FOIA) for all records from March 1, 2005, to the present:

> consisting of or reflecting, representing, recording or otherwise disclosing communications, written or oral . . . regarding approval by the Internet Corporation for Assigned Names and Numbers ("ICANN"), and/or by its Board of Directors, of the new ".xxx" sponsored top-level domain ("sTLD"), and/or ICANN's or its Board's approval of ICM Registry's contract to operate the .xxx sTLD.

Your appeal is granted in part. We are releasing 55 documents to you in part and 10 in full (the Department already released portions of some of the 65 documents in its responses to your FOIA request). One hundred eighty-three documents are being withheld in part based on the deliberative process privilege of exemption (b)(5), and portions of 23 of those are also being withheld based on the attorney-client privilege; 60 are being withheld in full based on the deliberative process privilege, and 7 of those are also being withheld in full based on the attorney-client privilege. A portion of one document is being withheld based on exemption (b)(6) of the FOIA.

Exemption (b)(5) protects from disclosure "inter-agency and intra-agency memorandums or letters which would not be available by law to a party ... in litigation with the agency." 5 U.S.C. § 552b(5). This exemption protects documents which are "normally privileged in the civil discovery context." N.L.R.B. v. Sears Roebuck & Co., 421 U.S. 132, 149 (1975). Material subject to the deliberative process privilege is normally privileged in the civil discovery context, and so this privilege is incorporated into exemption (b)(5). The deliberative process privilege generally applies to internal, predecisional agency memoranda and letters containing recommendations or opinions. In general, two requirements must be satisfied for the deliberative process privilege to be invoked. First, the communication must be predecisional, i.e., made prior to the final decision of the agency. N.L.R.B. v. Sears, 421 U.S. at 151-152. Second, the communication must be deliberative, i.e., "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." Vaughn v. Rosen, 523 F.2d. 1136, 1144 (D.C. Cir. 1975).

Invoking the deliberative process privilege does not, however, necessarily require an agency to identify a specific decision (final or otherwise) to which the material relates:

> Our emphasis on the need to protect pre-<u>decisional</u> documents *does not mean that the*

2

*existence of the privilege turns on the ability of an agency to identify a specific decision* in connection with which a memorandum is prepared. Agencies are, and properly should be, engaged in a continuing process of examining their policies; *this process will generate memoranda containing recommendations which do not ripen into agency decisions*; and the lower courts should be wary of interfering with this process . . . . <u>NLRB v. Sears</u>, 421 <s>U.S. at 151 n. 18 (1975) (underline in original, italics added).</s>

Thus, in determining whether a document is predecisional, an agency need not identify an agency final decision, but need only establish "what deliberative process is involved, and the role played by the documents in issue in the course of that process." <u>Coastal States v. Dept. of Energy</u>, 617 F.2d 854, 868 (D.C. Cir. 1980). The Court's position in <u>NLRB v. Sears</u>, as explained further in <u>Coastal States</u>, refutes the argument on p. 9 of your appeal letter that the material NTIA withheld was not protectable because there was no identifiable agency decision to which the material related that would constitute "a 'final' action or policy, or the formulation of anything tangible." In fact, no one such decision is identifiable in this case although, as is shown below, the documents and portions of documents we are withholding are protectable because they are part of NTIA's deliberative process related to carrying out certain of its responsibilities concerning ICANN.

Because there is no one Government decision to which the protectable documents pertain, another argument in your appeal letter (*see* pp. 9-10) is incorrect, namely that many of the withheld documents are not predecisional and thus not protectable under the deliberative process privilege because they postdate Mr. Gallagher's aforementioned August 11, 2005, letter.

The material that is exempt from disclosure under the deliberative process privilege consists of internal Government recommendations and opinions relating to NTIA's role in ICANN's approval of the proposed new .xxx domain, and/or NTIA's role in ICANN's approval of ICM Registry's contract to operate the .xxx domain. Because the protected material relates to roles of NTIA with respect to ICANN, the argument on pg. 9 of your appeal letter that the withheld material pertains to action taken by ICANN, a non-Federal body, and not Governmental action, is incorrect.

The documents and portions of documents we are withholding under the deliberative process privilege are part of a deliberative process, or series of decisions, relating to NTIA's foregoing roles in that they consist of opinions or advice on the matters to which they relate, and do not constitute final agency decisions on those matters. The material includes NTIA draft letters, such as draft responses to individuals who wrote to NTIA about .xxx and draft letters to ICANN about .xxx, and staff comments on those draft responses, draft talking points for NTIA officials on .xxx; draft TLD questions and answers, draft discussion papers on .xxx; draft briefing papers to prepare NTIA officials for upcoming meetings, a draft invitation to the Congressional Internet Caucus from an NTIA official and State Department official to attend a briefing on negotiating control of the internet with the United Nations, and a draft document entitled "Communications on .xxx."

Courts have recognized that "[d]raft documents, by their very nature, are typically predecisional

3

and deliberative." Exxon Corp. v. DMI of Energy, 585 F. Supp. 690, 698 (D.D.C. 1983). The foregoing drafts are predecisional in that they precede a final decision by NTIA on their content, and deliberative because they constitute opinions and recommendations on their final content.

The documents and portions of withheld documents also include portions of e-mails between NTIA staff, and between NTIA staff and staff of another Federal agency, containing recommendations and opinions relating to NTIA's role in ICANN's approval of the proposed new .xxx domain, and/or NTIA's role in ICANN's approval of ICM Registry's contract to operate the .xxx domain. The foregoing material is predecisional in that it precedes final decisions by NTIA on the matters to which it relates, and deliberative because it constitutes opinions and recommendations on those matters.

Portions of other withheld documents consist of handwritten notes of NTIA staff, including meeting notes, "talkers" and other unidentified notes; recommendations and opinions relating to planning for the future of NTIA in a document entitled "NTIA Planning Meeting 7/14-7/15/05;" certain handwritten portions of a document entitled "NTIA Public Affairs - Incoming Call Log," which consist of opinions and recommendations expressed by a U.S. Government employee in responding to a telephone call to the NTIA Public Affairs Office; recommendations and opinions under "Objectives for Meeting" and "Follow-up" in a document entitled "Trip Objectives and Report - 22nd ICANN Government Advisory Committee (GAC) Meetings July 9-14, 2005 in Luxembourg City, Luxembourg Suzanne Radell Sene;" and recommendations of NTIA staff in portions of "Background/Likely Topics" in a document entitled "Meeting With Mike Binder, Industry Canada on WSIS and Internet Governance, State Rm. 4826, 3:00-4:00 PM, August 25, 2005." The portions of the foregoing documents are predecisional in that they precede final decisions by NTIA on the matters to which they relate, and deliberative because they constitute opinions and recommendations on those matters.

You also argue on pg. 10 of your appeal that it appears that many of the withheld documents were shared with parties outside the Government, and that, as such, the deliberative process privilege would be waived as to those documents. Although the documents you cite include references to countries, individuals, or entities outside the U.S. Government, none of the documents, including those portions we are withholding, were shared with such outside parties. Any e-mail addresses on the documents you reference that reveal the individuals who sent or received any of the withheld material are addresses of U.S. Government employees.

Of the documents or portions of documents withheld under the deliberative process privilege, portions of 23 of those documents and 7 entire documents are being withheld under the attorney-client privilege.

Material subject to the attorney-client privilege is normally privileged in the civil discovery context, and thus is incorporated into exemption (b)(5). The attorney-client privilege protects "confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice." Mead Data Central v. U.S. Dept. of Air Force, 566 F.2d 242, 252 (D.C. Cir. 1977). The portions of the documents we are protecting under the attorney-client privilege consist of requests for advice from clients in NTIA to their attorneys, or

4

of facts presented by clients to their attorneys in NTIA or another Federal agency with the expectation of obtaining legal advice in the future, or of advice from an attorney to his or her client, or of questions from an attorney to his or her client to elicit facts to enable him or her to provide legal advice. Disclosing this information would reveal the questions asked by the clients and/or the advice provided by the attorney. The attorneys who are asked to provide or who are providing advice in these documents are all U.S. Government attorneys. The clients to whom the attorneys listed in the documents in the preceding paragraph provided legal advice or with whom the advice was shared are all U.S. Government employees. The material we are withholding under the attorney-client privilege has not been disclosed outside the attorney-client relationship. It is covered by the privilege because it is an integral part of the process of clients seeking advice from their attorneys on legal matters (which relate to NTIA's role in approval of the .xxx domain), and of the attorneys providing advice to their clients on those matters. Its disclosure would reveal confidential attorney-client communications regarding matters on which the clients sought legal advice.

We are also withholding a portion of one document based on exemption (b)(6) of the FOIA. Exemption (b)(6) exempts from disclosure all information about individuals in "personnel and medical files and similar files" if disclosure "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The term "similar files" has been interpreted broadly to apply to any information which applies to a particular individual. U.S. Dept. of State v. Washington Post Co., 456 U.S. 595, 602 (1982). Whether disclosing the information at issue would constitute a clearly unwarranted invasion of personal privacy requires a balancing of the public interest in disclosure against the individual's interest in privacy. Dept. of the Air Force v. Rose, 425 U.S. 352, 372 (1976).

The information at issue here is an individual's home cell telephone number. The information pertains to a particular person, and thus is a "similar file." No public interest exists in an individual's home telephone number, whereas the individual has a privacy interest in this information. Accordingly, the privacy interest outweighs the public interest, and we are withholding the information.

This is the final decision of the Department of Commerce with respect to your appeal. On May 19, 2006, you filed a complaint in the U.S. District Court for the District of Columbia against the Departments of Commerce and State (case no. 1:06CV00949).

Sincerely,

Barbara S. Fredericks
Assistant General Counsel
for Administration

Enclosure