# ICM Registry, LLC v. U.S. Department of Commerce and U.S. Department of State
## Civil Action No. 06-0949

## Grafeld Declaration Exhibit 4

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE   BELLEVUE   LOS ANGELES   NEW YORK   PORTLAND   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, D.C.

ROBERT CORN-REVERE
Direct (202) 508-6625
bobcornrevere@dwt.com

SUITE 450
1500 K STREET NW
WASHINGTON, D.C. 20005-1272

TEL (202) 508-6600
FAX (202) 508-6699
www.dwt.com

December 22, 2005

Chairman, Appeals Review Panel
c/o Information and Privacy Coordinator/Appeals Officer
Assistant Secretary for Public Affairs
c/o The Appeals Officer
U.S. Department of State
515 22nd Street, N.W.
A/RPS/IPS/PP, SA-2
Washington, DC 20522-6001

    Re:    **FOIA Request 200504606**
           **Freedom of Information Act Appeal**

Dear Sir or Madam:

    Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), your agency's implementing regulations and policies, including but not limited to 22 C.F.R. § 171.52, ICM Registry, LLC ("ICM Registry"), by counsel, hereby submits its appeal of agency inaction in response to the above-referenced FOIA request. A copy of the request and additional relevant materials are attached.

    This appeal seeks administrative review with respect to the above-referenced FOIA request filed via fax by counsel for ICM Registry on October 18, 2005 (the "FOIA Request, copy attached as Exhibit 1). The FOIA Request asked that Department of State provide ICM Registry with copies of the following records:

> All records, correspondence, memoranda, transcripts, notes, documents, reports, emails or audiovisual or other materials consisting of or reflecting, representing, recording or otherwise disclosing communications, written or oral, between March 1, 2005 and the present, regarding approval by the Internet Corporation for Assigned Names and Numbers ("ICANN"), and/or by its Board of Directors, of the new ".xxx" sponsored top-level domain ("sTLD"), and/or ICANN's or its Board's approval of ICM Registry's contract to operate the .xxx sTLD [other than] documents submitted to the agency by the general public as part of any mass mailing campaign(s) or similarly duplicative emails/documents.

GRAFELD DECLARATION
Civil Action No. 06-0949
Exhibit 4

December 22, 2005
Page 2



>All records, correspondence, memoranda, transcripts, notes, documents, reports, emails or audiovisual or other materials consisting of or reflecting, representing, recording or otherwise disclosing communications, written or oral, between March 1, 2005 and the present, between any personnel at the Department of Commerce, or any Bureau or other component thereof, and the ICANN Board of Directors and its staff, ICANN's Governmental Advisory Committee ("GAC"), any GAC member country, or any individuals or agency in a GAC member country, regarding the .xxx sTLD.

*See* Exh. 1 at 1-2. The FOIA Request also asked that if any information was withheld, ICM Registry should receive copies of all non-exempt, reasonably segregable portions of the material, as well as a detailed statement of the statutory basis and reasons for each instance of withholding, and an index or similar statement of the nature of any withheld materials. *Id.* at 2. ICM Registry also expressed its willingness to discuss any questions in order to expedite processing of its request, including specific instances of potential deletion or claims of exemption from disclosure, and to pay search and duplication fees up to $5,000. Under 5 U.S.C. 552(a)(6)(A)(i) and 22 C.F.R. § 117.12(d), the time for the State Department to respond to the FOIA Request was November 15, 2005, or at the latest by November 30, 2005, if it exercised the ten-day extension permitted under 5 U.S.C. § 552(a)(6)(B) when unusual circumstances are present.[1]

Counsel for ICM Registry has spoken informally with staff within the Department of State regarding the outstanding FOIA Request. In initial conversations, the staff was unable to estimate when a response to the request might be forthcoming. However, the staff indicated that, based on preliminary review of the four corners of the request, its subject matter did not appear to fall within State Department responsibilities, and if that was the case, a response to that effect would issue. The staff also expressed doubt the State Department would have any documents responsive to the FOIA Request. Undersigned counsel agreed to provide – and subsequently furnished – additional information, as discussed further below, to assist in processing the FOIA Request and to help illustrate why it was properly directed to the Department of State. Nevertheless, the agency has not responded to the FOIA Request by the deadlines established by the FOIA provisions set out above.

Instead, by letter dated December 13, 2005 – two weeks after the deadline for action on the FOIA Request even allowing an unconfirmed and thus unjustified exercise of a ten-day "unusual circumstances" extension – the State Department indicated it would "begin processing"

---

[1] ICM Registry submits that a showing of unusual circumstances cannot be made in this case, and at the very least notes, as discussed above in the text to immediately follow, no showing was offered in any event since the agency has not responded to the FOIA Request. Moreover, once the initial twenty business days expired but before the ten-day extension period terminated, it was requested several times during discussions referenced in the text immediately to follow that the Department formalize its decision to exercise the ten-day extension by stating as much in writing. However, no such statement was provided.

December 22, 2005
Page 3

ICM Registry's FOIA Request.[2] The letter offered no explanation why the Department of State was only "beginning" to process the request some two months after it was filed, and two weeks *after* the longest period permitted by statute for a response.[3] Nor did it give any indication when a response to the FOIA Request would be forthcoming. Rather, it is clear the mailing is no more than a form letter sent out at the agency's commencement of processing a FOIA request.

The State Department's refusal to respond timely to ICM Registry's FOIA Request is unlawful, and the agency accordingly must grant this appeal, which is proper given its failure to respond. *See* 5 U.S.C. 552(a)(6)(C) (administrative remedies are considered exhausted where there is no response by statutory deadlines). There is no excuse for such utter failure to respond by administrative agencies charged with helping "promote [the] policy of broad disclosure of Government documents" necessary to "ensure an informed citizenry, vital to the functioning of a democratic society." *Center for Public Integrity v. Department of Energy*, 191 F.Supp.2d 187, 189 (D.D.C. 2002). It is significant in this regard that, on the same day ICM Registry filed the instant FOIA Request with the Department of State, it filed a nearly identical request with the Department of Commerce (copy attached as Exhibit 3), and that agency expeditiously furnished a response on November 18, 2005, by providing records falling within ICM Registry's request.[4] There is no reason why the State Department could not do the same.

It is no excuse that, as State Department staff intimated, the FOIA Request's subject matter may be unfamiliar to rank-and-file members of the agency and/or that they harbor doubt whether any responsive records are within the agency's possession. In any event, to dispel such a notion, on November 29, 2005, undersigned counsel faxed to the State Department copies of documents ICM Registry received in response to its FOIA request to the Commerce Department, indicating a likelihood the State Department likewise possess responsive documents (copy of fax attached as Exhibit 6). These included Commerce Department documents indicating coordination on the .xxx matter with an individual at State with the email address "shipmansa@state.gov" as well as with Michael Gross. *See* Exh. 6, *passim*. *See also* http://foia.state.gov/appeal.asp (an

---

[2] A copy of the letter is attached as Exhibit 2. It should be noted that, while the letter was dated December 13, 2005, it bore a post-mark of December 14, 2005, and did not arrive until December 19, 2005.

[3] In this regard, and in the context of the discussion in note 1 *supra* regarding the exercise of ten-day extensions, the letter confirmed that no "unusual circumstances" that can justify non-compliance with statute's twenty-day deadline exist. *See* Exh. 2 at 2 (indicating "unusual circumstances *may arise* for extending the limit," thereby confirming the agency makes no claim of "unusual circumstances" that presently exist) (emphasis added).

[4] A copy of the Department of Commerce's response, exclusive of the responsive records, is attached as Exhibit 4. Though the Commerce Department withheld and/or redacted a number of records responsive to ICM Registry's request, resulting in administrative appeal to the agency (a copy of which, exclusive of attachments, is attached as Exhibit 5), it is notable that Commerce provided approximately 1,600 pages of documents within the time allotted by the FOIA.

December 22, 2005
Page 4



"appeal letter should ... provide any additional supporting information [which] might include ... examples of material previously released by the State Department or another agency"). ICM Registry anticipates that additional records responsive to the FOIA Request are within the State Department's possession as well.

Moreover, while it is not necessary that an agency provide all records responsive to a request by the statutory deadline to meet its FOIA obligations, it must at least provide *something* that can be fairly characterized as a "response." *Pollack v. DOJ*, 49 F.3d 115, 118-19 (4th Cir. 1995). The December 13 form letter that the Department of State sent confirming receipt of the FOIA Request, and stating that processing of the request would "begin" thereafter, accordingly is not a "response" at all.[5] This is particularly true given that ICM Registry already had done some of the agency's work for it by providing copies of documents in State Department's possession that are responsive to the FOIA Request, and by providing additional leads on where additional responsive records might be found. There is no reason that your agency, in the ensuing two weeks between provision of that information and mailing the December 13 letter, could not have – at the very least – confirmed its possession of the records ICM Registry forwarded and any possession of similar documents the agency staff whose names appear on the records. Indeed, given the Department of Commerce's expeditious processing of an identical FOIA request, there is no reason the Department of State, armed with an additional month of working time, could not have produced something at least approximating a "response" under the FOIA.

It is our hope this appeal can be resolved quickly and without the expenditure of substantial additional resources. However, it is imperative that ICM Registry receive all records sought in the FOIA Request to which it is entitled. If there are questions regarding this matter, or if there is information we can provide to bring it to an expeditious resolution, please contact us. We will look forward to your response to this appeal within the twenty working days specified by the FOIA and your agency's rules.

Very truly yours,

Davis Wright Tremaine LLP

Robert Corn-Revere
Counsel for ICM Registry

---

[5] *See Pollack*, 49 F.3d at 118 ("While ... agency need not actually fulfill the request within that period of time, it is required to notify the requester of its decision whether and how it will comply, its reasons for that decision, and the requester's right to appeal any adverse determination to the agency head"). *See also Ruotolo v. DOJ*, 53 F.3d 4, 9 (2d Cir. 1995) ("time limit provision requires that a determination ... be made [by deadline] *and* that it include a notification of the requester's right to appeal," which December 13 letter here did not) (emphasis in original).