UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ICM Registry, LLC ) <br> Plaintiff, ) <br> ) <br> v. ) <br> United States Department of ) <br> Commerce and ) <br> United States Department of ) <br> State, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 06-0949 (JR) |

### SUPPLEMENTAL DECLARATION OF KATHY SMITH

I, Kathy Smith, do hereby state and declare under the penalties for perjury that the following statements are true and correct:

1. This supplemental declaration is provided in response to the above-referenced lawsuit brought by ICM Registry, LLC in connection with an October 18, 2005, Freedom of Information Act (5 U.S.C. § 552) request for all records from March 1, 2005, to the present:

> . . . consisting of or reflecting, representing, recording or otherwise disclosing communications, written or oral . . . regarding approval by the Internet Corporation for Assigned Names and Numbers ("ICANN"), and/or by its Board of Directors, of the new ".xxx" sponsored top-level domain ("sTLD"), and/or ICANN's or its Board's approval of ICM Registry's contract to operate the .xxx sTLD . . . .

> . . . consisting of or reflecting, representing, recording or otherwise disclosing communications, written or oral . . . between any personnel at the Department of Commerce, or any Bureau or other component thereof, and the ICANN Board of Directors and its staff, ICANN's Governmental Advisory Committee ("GAC"), any GAC member country, or any individuals or agency in a GAC member country, regarding the .xxx sTLD.

2. This is the second declaration I have signed in this case. On August 28, 2006, I signed another declaration, which described my position at the U.S. Department of Commerce, my responsibilities in coordinating the search for and processing of documents responsive to the FOIA request at issue, the documents withheld in this case, and the grounds for withholding them

2

under the deliberative process, attorney-client and attorney work product privileges of exemption (b)(5)(5 U.S.C. § 552(b)(5)), and under exemption (b)(6) (5 U.S.C. § 552(b)(6)), of the FOIA.

3. The purpose of this declaration is to clarify two issues raised by Plaintiff in its Motion for Summary Judgment filed in this case, which are as follows:

1. <u>Disclosure of Documents To Parties Outside the Federal Government</u>

4. None of the documents or portions of documents that the Government is withholding in this case under the FOIA have been disclosed at any time to any person or entity outside of the Federal Government.

2. <u>Threat of Litigation by ICM</u>

5. At the request of ICM Registry, LLC (ICM), the plaintiff in this case, a meeting was held on September 9, 2005, at the main Department of Commerce (DOC) office building in Washington, D.C. among Stuart Lawley, President of ICM Registry, LLC, the plaintiff in this case; Robert Corn-Revere, an attorney representing ICM; Kelli Emerick, a government relations specialist representing ICM; then DOC Assistant Secretary for Communications and Information Michael Gallagher; Meredith Attwell, Special Assistant to Mr. Gallagher; myself; and other DOC employees. The purpose of the meeting was to discuss the proposed Registry Agreement between ICM and the Internet Corporation for Assigned Names and Numbers (ICANN).

6. During the course of the September 9, 2005, meeting Mr. Corn-Revere (who is, as stated in ¶ 5 above, an attorney for ICM) stated to the meeting participants that ICM believed that intervention by the DOC in the process by which ICANN approves new Top Level Domains (TLDs) for the Internet would violate the Administrative Procedure Act and the First Amendment.

7. I was left with the impression that Mr. Corn-Revere's statement in the preceding paragraph meant that ICM would consider legal action against the DOC if DOC intervened in ICANN's approval of an .xxx TLD in a manner that ICM considered adverse to its interests.

8. On October 7, 2005, as a follow-up to the September 9th meeting, Mr. Lawley sent a letter to Mr. Gallagher "providing additional information about ICM's application and to address certain issues in greater detail." See Exhibit A attached. Attached to the letter was an ICM document entitled "Questions and Answers on the Proposed .xxx Top-Level Domain," which Mr. Lawley states "addresses the various misconceptions that have arisen with respect to our proposal." See Exhibit B attached. On pages 11 through 14 of the ICM attachment, under "Misimpression #7: Everybody Knows that the Department of Commerce Has the Authority to Intervene in the ICANN Process, Influence the Board to Delay or Reject the ICM Contract; or Refuse to Direct VeriSign to Add .xxx to the Authoritative Root," ICM provides an analysis of the application of law to any action by the DOC affecting ICANN's consideration of the .xxx Top Level Domain, including the Administrative Procedures Act and the First Amendment.

3

9. After reviewing Mr. Lawley's letter, I believed it represented a threat of litigation against the DOC if ICM Registry were to be unsuccessful in obtaining the .xxx contract with ICANN, and that it constituted an overview of the legal arguments that ICM Registry would make against the U.S. Government in that event. As a result, I contacted litigation counsel for DOC, discussed the possibility of such litigation, and sought their legal advice on the matter.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of October, 2006.

*Kathy Smith* (signature)
Kathy Smith