# ICM Registry, LLC v. U.S. Department of Commerce and U.S. Department of State
## Civil Action No. 06-0949

## Second Supplemental Declaration of Kathy Smith
## Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ICM Registry, LLC )<br>    Plaintiff, )<br>)<br>        v. )<br>United States Department of )<br>Commerce and )<br>United States Department of )<br>State, )<br>)<br>    Defendants. )<br>_____ ) | Civil Action No. 06-0949 (JR) |

### SECOND SUPPLEMENTAL DECLARATION OF KATHY SMITH

I, Kathy Smith, do hereby state and declare under the penalties for perjury that the following statements are true and correct:

1. This Second Supplemental Declaration is provided in response to the above-referenced lawsuit brought by ICM Registry, LLC (ICM) in connection with an October 18, 2005, Freedom of Information Act (FOIA) (5 U.S.C. § 552) request for all records from March 1, 2005, to the present:

> . . . consisting of or reflecting, representing, recording or otherwise disclosing communications, written or oral . . . regarding approval by the Internet Corporation for Assigned Names and Numbers ("ICANN"), and/or by its Board of Directors, of the new ".xxx" sponsored top-level domain ("sTLD"), and/or ICANN's or its Board's approval of ICM Registry's contract to operate the .xxx sTLD . . . .

> . . . consisting of or reflecting, representing, recording or otherwise disclosing communications, written or oral . . . between any personnel at the Department of Commerce, or any Bureau or other component thereof, and the ICANN Board of Directors and its staff, ICANN's Governmental Advisory Committee ("GAC"), any GAC member country, or any individuals or agency in a GAC member country, regarding the .xxx sTLD.

In addition, this declaration is provided in connection with ICM's December 2, 2005 FOIA request, as directed by this Court's order of March 29, 2007, for:

. . . all agency records, held by any Bureau or component of your agency . . . pertaining to Deputy Assistant Secretary for Communications and Information John Kneuer's plans to attend, and/or his participation in, the meeting of the Internet Corporation for Assigned Names and Numbers ("ICANN") held November 30 through December 4, 2005, in Vancouver, Canada."

2. This is the third declaration I have signed in this case. On August 28, 2006, I signed a declaration which described my position at the U.S. Department of Commerce (DOC), my responsibilities in coordinating the search for and processing of documents responsive to the FOIA request at issue, the documents withheld in this case, and the grounds for withholding them under the deliberative process, attorney-client and attorney work product privileges of exemption (b)(5)(5 U.S.C. § 552(b)(5)), and under exemption (b)(6) (5 U.S.C. § 552(b)(6)), of the FOIA.

3. On October 5, 2006, I signed a supplemental declaration in the case, which clarified two issues raised by Plaintiff in its Motion for Summary Judgment filed in this case: (1) none of the documents or portions of documents that the Government is withholding in this case under the FOIA have been disclosed at any time to any person or entity outside of the Federal Government; and (2) I interpreted a verbal and a written communication from ICM as a threat of litigation against the DOC if ICM were to be unsuccessful in obtaining an .xxx contract with ICANN, and believed that the written communication also constituted an overview of the legal arguments that ICM would make against the U.S. Government in that event.

I. CRRIF No. 06-068, Concerning the 26 Documents for which the Court Requested Additional Justification for Withholding

4. Of the twenty-six documents for which the Court requested additional justification for withholding, twenty-five are withheld in part based on the deliberative process privilege of exemption (b)(5) of the Freedom of Information Act (5 U.S.C. § 552(b)(5)), and one is withheld in its entirety based on the deliberative process privilege.

5. The withheld portions in all twenty-six documents are an integral part of the Government's deliberative process in developing a policy position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain. This broad deliberative process included additional deliberative processes which were an integral part of the foregoing broader deliberative process, and which are described more fully under the respective document numbers in the attached Supplemental Vaughn Index and Defendants' Second Motion for Summary Judgment. Such an additional deliberative process was, for example, a discussion of the possible effects of creating an .xxx domain on children's access to pornographic material. Determining what these effects would be was part of the broader deliberative process of deciding how the Government would react to a possible ICANN recommendation to create an .xxx domain.

6. The Government employees who created the twenty-six documents were members of the staff

3

of the National Telecommunications Information Administration (NTIA),[1] the DOC's Office of the Secretary, or the White House who held jobs with responsibilities related to telecommunications policymaking, or to the approval and presentation of these policies to the public. Further, the opinions and recommendations of these individuals on issues related to the Government response if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain, are relevant to the development of a final Government position on this issue. In exchanging opinions among themselves, discussing and refining different aspects of the issues (including, for instance, how the issues are presented to the public), they were laying the groundwork for the development of a final Government position on this matter. Any final decision on this matter would be made by the Secretary of Commerce, based on the recommendation of the Commerce Assistant Secretary for Communications and Information, which in turn would be based on the recommendations of his staff.

7. The withheld portions of the twenty-six documents are predecisional in that they precede a final decision by the Government on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain. In fact, ICANN did not approve ICM's application for a proposed new .xxx domain and did not enter into a contract with ICM to operate the .xxx domain. Therefore, the Government never developed a final decision on this issue. The withheld portions of the twenty-six documents are deliberative because they constitute opinions and recommendations relating to this matter. These withheld portions, created by Government employees, offer opinions to and recommendations for DOC decisionmakers. Their release would discourage open and frank discussions, and create public confusion due to disclosure of reasons and rationales that were not ultimately the grounds for action. The material withheld does not represent final agency decisions on the matters contained therein.

8. To the extent that factual information is included in the withheld portions, it is protected by the (b)(5) deliberative process privilege because the facts in the withheld portions were selectively chosen as part of the decision making process. The factual information is, therefore, an integral part of the deliberations undertaken by the Government in developing its views.

9. The redacted material in four of the twenty-six documents, MPW3, EP33, EP34, and MPW14, concern a draft invitation to a public briefing on the creation of a new .xxx domain, and one of these, MPW3, is the draft invitation itself.

10. The redacted material in two of the four foregoing documents, EP33 and EP34, consists of opinions on how to characterize matters to be discussed by a State Department official and a DOC official at the public briefing on the creation of a new .xxx domain, and opinions on the draft briefing invitation itself.

---

[1] As I stated in ¶ 1 of the Declaration of Kathy Smith, NTIA is the President's principal adviser on telecommunications and information policy issues.

11. The redacted material in the draft invitation, MPW3, contains recommendations on how to describe the matters to be discussed by a State Department official and a DOC official at the public briefing on the creation of a new .xxx domain. The document reflects internal Government deliberations on what policy issues should be addressed in public, and on how these issues should be presented to the public.

12. The redacted material in the fourth document, MPW14, reflects internal DOC deliberations on how issues related to possible creation of an .xxx domain should be presented at a public briefing on this subject. The redacted material is also an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain.

13. The redacted material in all four of the foregoing documents contains or reflects internal DOC deliberations on how policy issues related to the creation of a new .xxx domain should be presented to the public. Further, the redacted material in all four documents is an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain.

14. A more complete description of the basis for withholding the redacted portions of the four documents discussed in Paragraphs 9-13 above, as well as the other 22 documents that are the subject of this Second Supplemental Declaration, is included in the attached Supplemental Vaughn Index and Defendants' Second Motion for Summary Judgment.

   II. CRRIF No. 06-127, Concerning Documents Withheld in Response to Plaintiff's December 2, 2005 FOIA Request

15. Plaintiff's FOIA request was addressed to Brenda Dolan, FOIA Officer for the Department of Commerce. In accordance with standard Commerce policies, Ms. Dolan's office logged the request into Commerce's FOIA tracking system, assigning it CRRIF No. 06-127. In accordance with 15 C.F.R. § 4.5(a), (part of Commerce's FOIA regulations at 15 C.F.R. Part 4, Subpart A), lead responsibility for responding to the request was assigned to NTIA on December 5, 2005, based on a determination that NTIA would be likely to have the majority of documents responsive to the request.

16. Denise Lenkiewicz, NTIA FOIA Officer, directed the search for responsive records in NTIA. NTIA carried out a thorough search for documents in every location where documents could reasonably be expected to be located, including files, desks, and computers. I supervised the document review process conducted in NTIA to determine which portions of responsive documents should be withheld under applicable exemptions of the FOIA. I am familiar with the documents located and the FOIA exemptions asserted.

5

17. Thirty-two documents withheld in response to Plaintiff's December 2, 2005 FOIA request are partially or entirely withheld pursuant to FOIA Exemption (b)(5), 5 U.S.C. § 552(b)(5), which protects from disclosure "inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency." All documents withheld from Plaintiff, pursuant to Exemption (b)(5), in response to the December 2, 2005 request were withheld pursuant to the deliberative process privilege.

18. Three documents withheld in response to Plaintiff's December 2, 2005 FOIA request are partially withheld pursuant to FOIA Exemption (b)(6), 5 U.S.C. § 552(b)(6), which protects personal privacy interests and exempts from disclosure all information about individuals in "personnel and medical files and similar files" if disclosure "would constitute a clearly unwarranted invasion of personal privacy."

19. One document withheld in response to Plaintiff's December 2, 2005 FOIA request is partially withheld pursuant to FOIA Exemptions (b)(2) and (b)(6), 5 U.S.C. § 552(b)(2) and (b)(6). FOIA Exemption (b)(2) protects from disclosure records related solely to the internal personnel rules and practices of the agency. FOIA Exemption (b)(6) is described above in ¶ 18.

### Documents Withheld Pursuant to the (b)(5) Deliberative Process Privilege

20. Of the 32 documents withheld pursuant to Exemption (b)(5), 19 are withheld in their entirety and 13 are withheld in part pursuant to the deliberative process privilege incorporated within exemption (b)(5) of the FOIA. The foregoing documents are described in Sections II.A and II.B, respectively, of the attached Department of Commerce Supplemental Vaughn Index ("Supplemental Vaughn Index").

21. The material that is exempt from disclosure pursuant to the deliberative process privilege consists of internal Government recommendations and opinions relating to the ICANN meeting of the Internet Corporation for Assigned Names and Numbers held in Vancouver, Canada from November 30 through December 4, 2005. The specific decisional process at issue in these documents concerns the formulation of final versions of documents and the formulation of U.S. Government/DOC policy/policies concerning various matters surrounding the .xxx issue.

22. The documents and portions of documents withheld pursuant to the deliberative process privilege are part of a deliberative process which took place before the meeting described in ¶ 21. They consist of opinions and/or recommendations on the matters to which they relate, and do not constitute final agency decisions on those matters. The specific predecisional and deliberative nature of the documents is discussed below in ¶¶ 24, 27, 30, and 33.

23. The material withheld pursuant to the deliberative process privilege includes the following categories of documents: draft documents, cable, miscellaneous documents, and e-mail messages. The information withheld in these categories is explained more fully below.

6

## Draft Documents

24. Sixteen documents are withheld in their entirety under this category, which consists of drafts prepared by Commerce employees on various subjects, such as options regarding ICANN's Governmental Advisory Committee ("GAC") consideration of .xxx domain name; opinions on including .xxx in the Authoritative Root Zone File; and key issues for GAC meeting, and staff comments on those drafts. The deliberative process at issue here is what a final document should contain. The documents are predecisional because they predate the final document, if a final document was produced. Additionally, they are predecisional because the opinions and recommendations precede the development of a final position. The information withheld is internal pre-decisional deliberative material, the release of which would discourage open and frank discussions within Commerce about what the final documents should contain on various matters, and create public confusion due to disclosure of reasons and rationales that may not have been the grounds for the agency's final response. They are recommendations to a Commerce decisionmaker as to how to address various issues in a final document, and what that document should contain. The documents are deliberative in that they reflect employees' opinions and recommendations as to what information should be included in the final version of the agreement. The material withheld does not represent final agency decisions on the matters contained therein.

25. To the extent that factual information is included within the withheld material, it is protected by the deliberative process privilege because the facts were selectively chosen as part of the decisionmaking process. The factual information is, therefore, an integral part of the deliberations undertaken by Commerce in determining how best to draft the documents at issue.

26. Descriptions of the draft documents are included in Section II.A.1 of the attached Supplemental Vaughn Index.

## Cable

27. One document is withheld in its entirety under this category. It consists of a cable containing DOC officials opinions and recommendations to DOC decisionmakers concerning the development of a U.S. Government/DOC position on pending European Union (EU) proposals that were to be discussed at the World Summit on Information Society. The decisional process here is what DOC policy or policies should be articulated at the Summit. The document is deliberative in that it reflects opinions and recommendations concerning the development of a U.S. Government position. It is predecisional because the opinions and recommendations precede the development of such a position. The information withheld is internal pre-decisional deliberative material, the release of which would discourage open and frank discussions within the DOC regarding the development of a position, and create public confusion due to disclosure of reasons and rationales that may not have been the grounds for the agency's final response. The material withheld does not represent final agency decisions on the matters contained therein.

28. To the extent that factual information is included within the withheld material, it is protected

by the deliberative process privilege because the facts were selectively chosen as part of the decision making process. The factual information is, therefore, an integral part of the deliberations undertaken by the DOC in determining what position to take concerning EU proposals.

29. A description of the cable is included in Section II.A.2 of the attached Supplemental Vaughn Index.

## Miscellaneous Documents

30. Two documents are withheld in their entirety under this category. They consist of two copies of the final version of a document withheld under the draft documents category. Although the document is no longer in draft form, it is part of the larger decisional process of what potential issues might be key issues for DOC at the GAC meeting. The document predates the meeting for which it was prepared. It represents opinions and recommendations from DOC employees to a senior Department official, concerning what those employees believed were key issues for the GAC meeting. Release of this document would discourage open and frank discussions within the DOC on such issues, and create public confusion due to disclosure of reasons and rationales that may not have been the grounds for the agency's final decision. The material withheld does not represent final agency decisions on the matters contained therein.

31. To the extent that factual information is included within the withheld material, it is protected by the deliberative process privilege because the facts were selectively chosen as part of the decision making process. The factual information is, therefore, an integral part of the deliberations undertaken by these employees in developing their recommendations.

32. Descriptions of the miscellaneous documents are included in Section II.A.3 of the attached Supplemental Vaughn Index.

## E-Mail Messages

33. Thirteen documents are withheld in part under this category, which consists of internal Government e-mails among Commerce employees (some of the e-mails include attachments which are also withheld pursuant to the deliberative process privilege). The withheld portions of these documents consist of: opinions and recommendations concerning issues that might come up at ICANN; proposed weekly report entries; opinions and recommendations concerning potential questions that might arise with respect to the .xxx application; and various draft memoranda, and are part of the decisional process concerning how to respond to various ICANN/.xxx issues. The withheld portions consist of opinions or advice on the matters to which they relate, and do not constitute final agency decisions on those matters. The information withheld is internal predecisional deliberative material, the release of which would discourage open and frank discussions within Commerce about the subject matter of the document, and create public confusion due to disclosure of reasons and rationales that may not have been the grounds for the agency's final response. The material withheld does not represent final agency

8

decisions on the matters contained therein.

34. The withheld portions are predecisional in that they precede final decisions by Commerce on the matters to which they relate, and deliberative because they constitute opinions and recommendations on those matters. These e-mails were created by and sent only to Government employees. To the extent that factual information is included in the recommendations, it is protected by (b)(5) deliberative process privilege because the facts in the withheld portions were selectively chosen as part of the decisionmaking process. The factual information is, therefore, an integral part of the deliberations undertaken by Commerce in developing its views.

35. Descriptions of the e-mail messages are included in Section II.B.1 of the attached Supplemental Vaughn Index.

### Documents Withheld Pursuant to FOIA Exemption (b)(6)

36. Three documents are withheld in part pursuant to FOIA Exemption (b)(6), which protects personal privacy interests and exempts from disclosure all information about individuals in "personnel and medical files and similar files" if disclosure "would constitute a clearly unwarranted invasion of personal privacy." Under the FOIA, disclosure of information is in the public interest if it would contribute to public understanding of the operations or activities of the Government. The only information redacted from these documents is an individual's personal cell phone number and a social security number. An individual's personal cell phone number and social security number constitute personal information the disclosure of which would not contribute to public understanding of the operations or activities of the Government. No public interest exists in an individual's personal cell phone number, whereas the individual has a privacy interest in this information. Accordingly, the privacy interest outweighs the public interest, and the information has been withheld.

37. A description of the information withheld pursuant to FOIA Exemption (b)(6) is included in Section II.C of the attached Supplemental Vaughn Index.

### Document Withheld Pursuant to FOIA Exemptions (b)(2) and (b)(6)

38. One document is withheld in part pursuant to FOIA Exemption (b)(2) and (b)(6). FOIA Exemption (b)(2) protects from disclosure records related solely to the internal personnel rules and practices of the agency. DOC employees' security clearance levels are being withheld under "high (b)(2)." Release of security clearance levels would inform the public that certain individuals had access to national security information and that could potentially make these individuals targets. An individual's social security number and passport number are redacted from this document as well, pursuant to FOIA Exemption (b)(6). See ¶ 36.

39. A description of the information withheld pursuant to FOIA Exemptions (b)(2) and (b)(6) is included in Section II.D of the Supplemental Vaughn Index.

9

## Segregation of Factual Information

40. In connection with the review of documents which are the subject of this suit, the Department of Commerce has made a good faith effort to segregate all factual portions of these documents which are not protectable under the exemptions set forth above. All such segregable portions have been released to the requester.

## Supplemental Vaughn Index

41. The Supplemental Vaughn Index is attached to this Declaration. It is an index of the documents being withheld in their entirety and the documents being withheld in part.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on this 30th day of April, 2007.

Kathy Smith