# ICM Registry, LLC v. U.S. Department of Commerce and U.S. Department of State
## Civil Action No. 06-0949

# Department of Commerce Supplemental Vaughn Index
# Exhibit C

## DEPARTMENT OF COMMERCE SUPPLEMENTAL VAUGHN INDEX[1]

**I. FOIA Request CRRIF 06-068**

A. <u>E-Mails Withheld in Part Under the Deliberative Process Privilege</u>

**The following e-mails (EP59-61) include in the subject line "ICANN."**

**EP59**   June 2, 2005 - 1 page. From Department of Commerce (DOC) employee Michael Gallagher to DOC employee Meredith Attwell, with first paragraph redacted, consisting of Mr. Gallagher's opinions related to ICANN's [the Internet Corporation for Assigned Names and Numbers'] decision about the .xxx domain.

The redacted material consists of Mr. Gallagher's opinions on the possible effects of creation of an .xxx domain on children's access to pornographic material. The opinions are deliberative because they are an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM Registry, LLC (ICM) to operate an .xxx domain. Further, the redacted material is predecisional in that it precedes the Government's final decision on this matter.

**EP60**   June 2, 2005 - 2 pages. From DOC employee Meredith Attwell to DOC employee Michael Gallagher, with same redaction as EP59 plus one more paragraph redacted from the first page, consisting of Ms. Attwell's comments on a draft document on ICANN that she was preparing.

The above description of the basis for withholding EP59 also applies to the identical material withheld under EP60. The additional redaction in EP60 that was not included in EP59 consists of Ms. Attwell's discussion of her progress in preparing a draft paper related to .xxx, and her question to Mr. Gallagher concerning the timing of his review of it. The additional redaction in EP60 is deliberative in that it involved her deliberations in the preparation of a draft paper related to .xxx, which in turn contributed to the Government's deliberations in developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain. Further, all the foregoing

---

[1] The documents described under Article I of this Index are the twenty-six documents pertaining to FOIA Request CRRIF No. 06-068 that the Court identified in its Order as requiring further justification for continued withholding. Each document entry under Article I includes an indented paragraph after the date of the document, and a second unindented paragraph. The indented paragraph was included in the <u>Vaughn</u> Index previously filed with the Court. The second paragraph has been added for this Supplemental <u>Vaughn</u> Index. The documents described under Article II of this Index are the documents that have been identified as responsive to FOIA Request CRRIF No. 06-127.

redacted material is predecisional in that it precedes the Government's final decision on these matters.

**EP61** June 2, 2005 - 2 pages. From DOC employee Fred Schwien to DOC employee Meredith Attwell. Two lines from a message from Mr. Schwien to Ms. Attwell and two paragraphs from a message from Ms. Attwell to Mr. Schwien are redacted. The redacted portions consist of their opinions about ICANN's decision to negotiate a contract for the .xxx domain.

The redacted material consists of Ms. Attwell's opinions on the possible effects of creation of an .xxx domain on children's access to pornographic material, and on approval of the .xxx domain. The redacted material also includes Mr. Schwien's opinion relating to which websites would be in an .xxx domain. All the foregoing opinions are deliberative because they are an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain. Further, the redacted material is predecisional in that it precedes the Government's final decision on this matter.

**The following e-mails (EP62-EP69) among DOC employees include in the subject line "Michael Reagan Supports .xxx," and the same paragraph of e-mail text is being withheld in each; the remainder of each document has already been released. The redacted portion consists of an e-mail message from DOC employee Meredith Attwell consisting of her opinions regarding ICANN's decision to negotiate a contract for the .xxx domain.**

The redacted material in each of the following e-mails (EP62-EP69) consists of Ms. Attwell's opinions relating to the DOC's authority to make changes to the authoritative root zone file.[2] The opinions are deliberative because they are an integral part of the Government's deliberations

---

[2] As was explained in the Defendants' Response to Plaintiff's Consolidated Opposition to "Defendants' Motion to Dismiss and for Summary Judgment, and Response to Plaintiff's Memorandum in Support of Cross-Motion for Summary Judgment" (see pp. 2-3), the authoritative root zone file is the highest level of the domain name system and contains the databases enabling an Internet address query to be routed to its proper destination. The authoritative root zone file is the master database from which copies are downloaded and disseminated through the Internet on a daily basis. A root zone file directs an address query to the proper top level domain zone file, which contains the location and other information about the numerous generic top level domains and country code top level domains. See Name.Space, Inc., v. Network Solutions, Inc., 202 F.3d 573 (2nd Cir. 2000). Before any new domain can be established, the ICANN Board must not only must approve its creation, but must also submit an official recommendation to NTIA to add the new domain to the authoritative root zone file. After the ICANN Board makes an official recommendation, NTIA must approve the recommendation and provide written direction to VeriSign, Inc. to modify the authoritative root zone file before the domain is live within the Internet domain name system.

on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain. Further, the opinions are predecisional in that they precede the Government's final decision on this matter.

**EP62**   June 16, 2005 - 2 pages.  From Ms. Attwell to DOC employees Christine Gunderson and Clyde Ensslin.

**EP63**   June 16, 2005 - 2 pages.  From Ms. Attwell to DOC employees John Kneuer and Michael Gallagher.

**EP64**   June 16, 2005 - 2 pages.  From Ms. Attwell to DOC employee James Wasilewski.

**EP65**   June 16, 2005 - 2 pages.  From Ms. Attwell to DOC employee John Bailey.

**EP66**   June 16, 2005 - 2 pages.  From Ms. Attwell to DOC employees Cathy Handley, Robin Layton, and Suzanne Sene.

**EP67**   June 16, 2005 - 2 pages.  From DOC employee Clyde Ensslin to DOC employee Chuck Fuqua.

**EP68**   June 16, 2005 - 2 pages.  From DOC employee Clyde Ensslin to DOC employee Chuck Fuqua.

**EP69**   June 16, 2005 - 2 pages.  From Ms. Attwell to DOC employees Cathy Handley, Robin Layton, and Suzanne Sene.

**The following e-mails (EP90-EP92) between DOC employees Clyde Ensslin and Christine Gunderson include in the subject line "Quote from June 6 Cnet news report by Declan McCullagh, June 12 AP."**

**EP90**   June 17, 2005 - 1 page.  Three lines have been redacted from the e-mail from Mr. Ensslin to Ms. Gunderson consisting of Mr. Ensslin's opinions relating to how a news reporter interpreted a conversation Mr. Ensslin had with him related to ICANN's decision to negotiate a contract for the .xxx domain.

The redacted material is deliberative because it consists of deliberations relating to how to present to the public the DOC's role in making changes to the authoritative root zone file, which occurred in the context of a discussion between DOC employees about a conversation one of them had with a reporter. The redactions are also deliberative because they are an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain. Further, the redacted material is predecisional in that it precedes the

3

Government's final decisions on how to present to the public DOC's role in making changes to the authoritative root zone file, and on how to respond to ICANN's possible recommendation to create a new .xxx domain.

**EP91   June 17, 2005** - 2 pages.[3] From Ms. Gunderson to Mr. Ensslin, with same redaction as EP90.

The redacted material is deliberative because it consists of deliberations relating to how to present to the public the DOC's role in making changes to the authoritative root zone file, which occurred in the context of a discussion between DOC employees about a conversation one of them had with a reporter. The redactions are also deliberative because they are an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain. Further, the redacted material is predecisional in that it precedes the Government's final decisions on how to present to the public DOC's role in making changes to the authoritative root zone file, and on how to respond to ICANN's possible recommendation to create a new .xxx domain.

**EP92   June 17, 2005** -1 page. From Mr. Ensslin to Ms. Gunderson, with same redaction as EP90 plus two more lines redacted from the beginning of the e-mail, consisting of Mr. Ensslin's further opinions on the matters discussed in the entry for EP90 above.

The redacted material is deliberative because it consists of deliberations relating to how to present to the public the DOC's role in making changes to the authoritative root zone file, which occurred in the context of a discussion between DOC employees about a conversation one of them had with a reporter. The redactions are also deliberative because they are an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain. Further, the redacted material is predecisional in that it precedes the Government's final decisions on how to present to the public DOC's role in making changes to

---

[3] As shown in the text above, the <u>Vaughn</u> Index previously filed in this case includes "2 pages" in the description of EP91. The top right hand corner of document EP91 includes "Page 1 of 2" (the redacted version of EP91 that has previously been released includes this language), but the DOC has been unable to locate a page 2. The DOC believes it likely, however, that, if it were found, page 2 would not contain substantive information (when documents such as e-mails are printed, it is not uncommon that the final page includes only information such as the web address from which the document is printed). EP91 is part of a series of successive e-mails comprising EP90, EP91, and EP92. EP90 includes three e-mail messages, and EP91 includes the same three messages, and an additional one sent later. EP92 includes the same four messages that are included in EP91, and an additional one sent later. EP90 and EP92 consist of only one page, and the bottom of the pages comprising EP90 and EP92 end with the same complete e-mail message that ends EP91.

the authoritative root zone file, and on how to respond to ICANN's possible recommendation to create a new .xxx domain

**The following e-mails (EP116-EP117, EP125-EP126) include in the subject line ".XXX."**

**EP116 August 1, 2005** - 1 page.  From DOC employee Meredith Attwell to White House employees Helen Domenici and Richard Russell, of which four lines have been redacted, consisting of Ms. Attwell's opinions related to .xxx.

The redacted material consists of Ms. Attwell's answers to unspecified questions from Ms. Domenici and/or Mr. Russell, including possible legal consequences of taking a certain course of action with respect to .xxx.  The redacted material is deliberative because it is an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain.  Further, the redacted material is predecisional in that it precedes the Government's final decision on this matter.

**EP117 August 1, 2005** - 1 page.  Identical redaction to EP116.

The redacted material consists of Ms. Attwell's answers to unspecified questions from Ms. Domenici and/or Mr. Russell, including possible legal consequences of taking a certain course of action with respect to .xxx.  The redacted material is deliberative because it is an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain.  Further, the redacted material is predecisional in that it precedes the Government's final decision on this matter.

**EP125 June 17, 2005** - 1 page.  From DOC employee Meredith Attwell to White House employees Helen Domenici and Richard Russell, of which seven lines are redacted.  The redaction consists of Ms. Attwell's opinions on ICANN's decision to enter into negotiations on an .xxx contract.  The three line response of Mr. Russell to Ms. Attwell and Ms. Domenici is entirely redacted, and consists of his questions about .xxx.

The redacted material consists of Ms. Attwell's opinions relating to the roles of ICANN and the DOC in approving new domains such as .xxx, and Mr. Russell's questions concerning approval of the .xxx domain.  The redacted material is deliberative because it is an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain.  Further, the redacted material is predecisional in that it precedes the Government's final decision on this matter.

**EP126 June 17, 2005** - 2 pages.  Identical redactions to EP125 with two additional e-mails entirely redacted: one from DOC employee Meredith Attwell to White House employees

5

Helen Domenici and Richard Russell, which consists of her response to Mr. Russell's questions mentioned in the description to EP125; the other from Mr. Russell to Ms. Attwell and Ms. Domenici consists of his further questions about .xxx.

The redacted material that is the same as EP125 (see preceding entry) consists of Ms. Attwell's opinions relating to the roles of ICANN and the DOC in approving new domains such as .xxx, and Mr. Russell's questions concerning approval of the .xxx domain. The additional redacted material in EP126 consists of Ms. Attwell's opinions relating to possible approaches to controlling pornography on the Internet, and Mr. Russell's questions about possible types and names of domains related to .xxx. All the foregoing redacted material in EP126 is deliberative because it is an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain. Further, the redacted material is predecisional in that it precedes the Government's final decision on this matter.

**Miscellaneous E-mails**

**EP102 June 20, 2005** - 2 pages. From DOC employee Christine Gunderson to DOC employee Clyde Ensslin, and includes "Update on public reaction to ICANN and .xxx" in subject line. A portion of Ms. Gunderson's one-line message has been redacted, consisting of her opinion on an issue related to .xxx.

The redacted material consists of Ms. Gunderson's question concerning outside support for the creation of an .xxx domain. The redacted material is deliberative because it is an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain. Further, the redacted material is predecisional in that it precedes the Government's final decision on this matter.

**EP98  June 28, 2005** - 1 page. From DOC employee Meredith Attwell to White House employee Helen Domenici, and includes "Status of .xxx" in the subject line. A three-line included message from Ms. Domenici to Ms. Attwell has been redacted, consisting of her questions concerning .xxx.

Ms. Domenici's questions concern approval of the .xxx domain, and are deliberative because they are an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain. Further, the questions are predecisional in that they precede the Government's final decision on this matter.

**EP46  July 12, 2005** - 2 pages. From White House employee Helen Domenici to DOC employee Robin Layton, and includes in subject line "has ICANN approved .XXX?"

6

Two lines from the beginning of the first page have been redacted, consisting of Ms. Domenici's asking a question regarding the .xxx domain.

Ms. Domenici's question concerns approval of the .xxx domain, and also includes an opinion concerning approval of the domain. The redacted material is deliberative because it is an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain. Further, the redacted material is predecisional in that it precedes the Government's final decision on this matter.

**EP7**   June 16, 2005 - 1 page. From DOC employee James Wasilewski to DOC employee Meredith Attwell, and includes in subject line "draft." The redaction consists of about six lines of Mr. Wasilewski's opinions concerning approval of internet domain names.

The redacted material consists of Mr. Wasilewski's opinions relating to the authority of the DOC vis a vis ICANN to approve domain names. The redacted material is deliberative because it is an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain. Further, the redacted material is predecisional in that it precedes the Government's final decision on this matter.

**The first two e-mails below (EP-33-EP34) include in the subject line "Draft WSIS Briefing Invite." The third e-mail, MPW14, includes in the subject line "Revision of Congressional Internet Caucus Invite," and concerns the same matters as EP33-EP34.**

**EP33**   August 31, 2005 - 3 pages. From DOC employee Fiona Alexander to DOC employees Robin Layton and Tracey Rhoades, in which four lines consisting of opinions of Ms. Alexander concerning the draft briefing invitation are redacted on the first page; a one-page draft World Summit on the Information Society (WSIS) briefing invitation has been released in its entirety.

The redacted material consists of opinions on the draft briefing invitation and on how to characterize matters to be discussed by a State Department official and a DOC official at the public briefing on the creation of a new .xxx domain. The redacted material is deliberative because it constitutes internal DOC deliberations on how issues related to possible creation of an .xxx domain should be presented at the briefing, and because it is also an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain. Further, the redacted material is predecisional in that it precedes the Government's final decision on the foregoing matters.

**EP34**   August 31, 2005 - 2 pages. From DOC employee Fiona Alexander to Department of State employee Sally Shipman, in which three lines consisting of opinions of Ms.

Alexander concerning the draft briefing invitation are redacted on the first page.

The redacted material consists of opinions on the draft briefing invitation and on how to characterize matters to be discussed by a State Department official and a DOC official at the public briefing on the creation of a new .xxx domain. The redacted material also includes an opinion on handling of edits to the invitation, and contains internal Government deliberations on how issues related to possible creation of an .xxx domain should be presented at the briefing. The redacted material is deliberative because it is an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain. Further, the redacted material is predecisional in that it precedes the Government's final decision on this matter.

**MPW14September 1, 2005** - 2 pages. From DOC employee Fiona Alexander to DOC employee Robin Layton. The only redaction is two lines consisting of Ms. Alexander's deliberations concerning revision of a draft WSIS briefing invitation.

The redacted material reflects internal DOC deliberations on how issues related to possible creation of an .xxx domain should be presented at a public briefing on this subject, and thus is deliberative. The redacted material is also deliberative because it is an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain. Further, the redacted material is predecisional in that it precedes the Government's final decision on the foregoing matters.

B. Miscellaneous Draft Document Withheld in its Entirety Solely Under the Deliberative Process Privilege

**MPW3Undated** - 1 Page. Draft invitation to briefing by Ambassador David Gross and Assistant Secretary Michael Gallagher relating to role of United Nations in control of the Internet. Includes computer-generated printed comments in the margin showing editorial changes that had already been made in the letter.

This document contains recommendations on how to describe the matters to be discussed by a State Department official and a DOC official at a public briefing on the creation of a new .xxx domain. The document is deliberative because it reflects internal Government deliberations on what policy issues should be addressed in public, and on how these issues should be presented to the public. The document is also deliberative because it is an integral part of the Government's deliberations on developing a position on how to respond if ICANN were to recommend the creation of a proposed new .xxx domain, and/or enter into a contract with ICM to operate an .xxx domain. Further, the document is predecisional in that it precedes the Government's final decision on these matters.

## II. FOIA Request CRRIF 06-127

A. <u>Documents Withheld in their Entirety Pursuant to the Deliberative Process Privilege of FOIA Exemption (b)(5)</u>

    1. <u>Draft Documents</u>

The following seven documents consist of various draft versions of a document entitled "USG/DOC Options Regarding GAC Consideration of the Proposed .xxx Domain." They are withheld in their entirety pursuant to the deliberative process privilege incorporated in FOIA Exemption (b)(5) because they were used in internal agency deliberations concerning how best to prepare the final document. They are recommendations to a DOC decisionmaker on how to address various issues in a final document, and what that document should contain. The information withheld is internal pre-decisional deliberative material, the release of which would discourage open and frank discussions within the DOC about what the final documents should contain on various matters, and create public confusion due to disclosure of reasons and rationales that may not have been the grounds for the agency's final response. The material withheld does not represent final agency decisions on the matters contained therein.

To the extent that factual information is included within the withheld material, it is protected by the deliberative process privilege because the facts were selectively chosen as part of the decision making process. The factual information is, therefore, an integral part of the deliberations undertaken by the DOC in determining how best to draft this document. This document was a working document and a final version was never produced.

| | |
|---|---|
| **000001** | **November 14, 2005 - 4 pages.** |
| **000002** | **November 13, 2005 - 4 pages.** Contains handwritten recommendations of a DOC employee. |
| **000003** | **November 6, 2005 - 4 pages.** Contains handwritten recommendations of a DOC employee. |
| **000004** | **November 14, 2005 - 4 pages.** Contains Word "track changes" recommendations of a DOC employee. |
| **000005** | **November 6, 2005 - 4 pages.** |
| **000006** | **November 6, 2005 - 5 pages.** Contains Word "redline/strike out" recommendations of a DOC employee. |
| **000007** | **November 6, 2005 - 5 pages.** Contains Word "redline/strike out" recommendations of a DOC employee. |

9

The following three documents consist of various draft versions of a document entitled "USG Opinions for Including .xxx in the Authoritative Root Zone File." They are withheld in their entirety pursuant to the deliberative process privilege incorporated in FOIA Exemption (b)(5) because they were used in internal agency deliberations concerning how best to prepare the final document. They are recommendations to a DOC decisionmaker on how to address various issues in a final document, and what that document should contain. The information withheld is internal pre-decisional deliberative material, the release of which would discourage open and frank discussions within the DOC about what the final documents should contain on various matters, and create public confusion due to disclosure of reasons and rationales that may not have been the grounds for the agency's final response. The material withheld does not represent final agency decisions on the matters contained therein.

To the extent that factual information is included within the withheld material, it is protected by the deliberative process privilege because the facts were selectively chosen as part of the decision making process. The factual information is, therefore, an integral part of the deliberations undertaken by the DOC in determining how best to draft this document. This document was a working document and a final version was never produced.

**000008**      **November 6, 2005** - 3 pages.

**000009**      **December 19, 2005** - 4 pages. Contains Word "redline/strikeout" recommendations of a DOC employee.

**000010**      **November 6, 2005** - 3 pages. Contains handwritten recommendations of a DOC employee.

The following three documents consist of various draft versions of a memorandum from DOC employees Robin Layton and Suzanne Sene to DOC employees Assistant Secretary Michael Gallagher and John Kneuer, the subject of which pertains to key issues for ICANN's Governmental Advisory Committee ("GAC") meeting in Vancouver. They are withheld in their entirety pursuant to the deliberative process privilege incorporated in FOIA Exemption (b)(5) because they were used in internal agency deliberations concerning how best to prepare the final document. They are recommendations to a DOC decisionmaker on how to address various issues in a final document, and what that document should contain. The information withheld is internal pre-decisional deliberative material, the release of which would discourage open and frank discussions within the DOC about what the final documents should contain on various matters, and create public confusion due to disclosure of reasons and rationales that may not have been the grounds for the agency's final response. The material withheld does not represent final agency decisions on the matters contained therein.

To the extent that factual information is included within the withheld material, it is protected by the deliberative process privilege because the facts were selectively chosen as part of the decision making process. The factual information is, therefore, an integral part of the deliberations

undertaken by the DOC in determining how best to draft this document. The final version of this document is discussed in Section C, below.

**000013**     **December 13, 2005** - 7 pages. Contains Word "track changes" recommendations of a DOC employee.

**000014**     **December 13, 2005** - 6 pages. Contains Word "track changes" recommendations of a DOC employee.

**000015**     **December 16, 2005** - 6 pages.

The following three documents consist of draft versions of three different documents. Each document is identified in the entry below. They are withheld in their entirety pursuant to the deliberative process privilege incorporated in FOIA Exemption (b)(5) because they were used in internal agency deliberations concerning how best to prepare the final document. They are recommendations to a DOC decisionmaker on how to address various issues in a final document, and what that document should contain. The information withheld is internal pre-decisional deliberative material, the release of which would discourage open and frank discussions within the DOC about what the final documents should contain on various matters, and create public confusion due to disclosure of reasons and rationales that may not have been the grounds for the agency's final response. The material withheld does not represent final agency decisions on the matters contained therein.

To the extent that factual information is included within the withheld material, it is protected by the deliberative process privilege because the facts were selectively chosen as part of the decision making process. The factual information is, therefore, an integral part of the deliberations undertaken by the DOC in determining how best to draft this document. These documents were working documents and final versions were never produced.

**000016**     **November 6, 2005** - 4 pages. Draft of document entitled "USG Procedural Options Regarding the Creation of .xxx."

**000018**     **August 12, 2005** - 2 pages. Draft of document entitled ".xxx Top Level Domain (TLD) Q & A (August 12, 2005)."

**000019**     **Undated** - 3 pages. Draft of document entitled "The Department of Commerce's Role in Additions to the Internet Domain Name System Authoritative Root Zone File."

   2. <u>Cable</u>

The following document consists of a cable entitled "STOCKHOLM 1961 Routine." It is withheld in its entirety pursuant to the deliberative process privilege incorporated in FOIA

Exemption (b)(5). The decisional process here is what DOC policy or policies should be articulated at the World Summit in Information Society (WSIS). It consists of DOC officials' opinions and recommendations to DOC decisionmakers concerning the development of a U.S. Government/DOC position on pending European Union (EU) proposals that were to be discussed at the WSIS. The information withheld is internal pre-decisional deliberative material, the release of which would discourage open and frank discussions within the DOC regarding the development of a position, and create public confusion due to disclosure of reasons and rationales that may not have been the grounds for the agency's final response. The material withheld does not represent final agency decisions on the matters contained therein.

To the extent that factual information is included within the withheld material, it is protected by the deliberative process privilege because the facts were selectively chosen as part of the decision making process. The factual information is, therefore, an integral part of the deliberations undertaken by the DOC in determining what position to take concerning EU proposals.

**000017**     **November 15, 2005** - 7 pages. Cable from DOC headquarters to United States Embassy in Sweden.

   3. <u>Miscellaneous Documents</u>

The following documents are duplicate copies of the final version of the document discussed in Section A, above (Bates Numbers 000013 - 000015), a memorandum from DOC employees Robin Layton and Suzanne Sene to DOC employees Assistant Secretary Michael Gallagher and John Kneuer, the subject of which pertains to key issues for the GAC meeting in Vancouver. They are withheld in their entirety pursuant to the deliberative process privilege incorporated in FOIA Exemption (b)(5). Although the memorandum is no longer in draft form, it is part of the larger decisional process of what potential issues might be key issues for DOC at the GAC meeting. It represents opinions and recommendations from DOC employees to a senior Department official, concerning what those employees believed were key issues for the GAC meeting. Release of this document would discourage open and frank discussions within the DOC on such issues, and create public confusion due to disclosure of reasons and rationales that may not have been the grounds for the agency's final decision. The material withheld does not represent final agency decisions on the matters contained therein.

To the extent that factual information is included within the withheld material, it is protected by the deliberative process privilege because the facts were selectively chosen as part of the decision making process. The factual information is, therefore, an integral part of the deliberations undertaken by these employees in developing their recommendations.

**000011**     **November 17, 2005** - 6 pages.

**000012**     **November 17, 2005** - 6 pages. Exact duplicate of 000011.

B. <u>Documents Withheld in Part Pursuant to the Deliberative Process Privilege of FOIA Exemption (b)(5)</u>

    1. <u>E-mail Messages</u>

Portions of the following e-mails are withheld pursuant to the deliberative process privilege incorporated in FOIA Exemption (b)(5). The information withheld, described in the entries below, is internal predecisional deliberative material, the release of which would discourage open and frank discussions within the DOC on various matters, and create public confusion due to disclosure of reasons and rationales that may not have been the grounds for the agency's final decision. The material withheld does not represent final agency decisions on the matters contained therein.

**000020**    **November 28, 2005** - 2 pages. E-mail from DOC employee Fiona Alexander to DOC employee John Kneuer. Subject: "WSIS Notes for ICANN." Two paragraphs redacted (one on first page, one on second page) which consist of Ms. Alexander's opinions relating to issues that are likely to be raised at ICANN. The redacted portions of this document are predecisional and deliberative in that they consist of an employee's opinions concerning ICANN matters, given in advance of the ICANN meeting.

**000021**    **November 28, 2005** - 10 pages. Two-page e-mail that is an exact duplicate of 000020, with same two paragraphs redacted. Eight page attachment released in full. The redacted portions of this document are predecisional and deliberative in that they consist of an employee's opinions concerning ICANN matters, given in advance of the ICANN meeting.

**000022**    **November 18, 2005** - 1 page. E-mail from DOC employee Suzanne Sene to DOC employees Robin Layton and Tracey Rhoades. Subject: "Re: OIA Weekly Report." One paragraph redacted which consists of a proposed response to the request for information to be included in the weekly report. The redacted portion of this document is predecisional and deliberative in that it consists of a recommended draft entry for the weekly report. The final version of the weekly report was released.

**000023**    **November 22, 2005** - 1 page. E-mail from DOC employee Tracey Rhoades to DOC employee Karen Cowles. Subject: "NTIA press events week of 11/28." One paragraph redacted which consists of a proposed entry for the weekly report. The redacted portion of this document is predecisional and deliberative in that it consists of a recommended draft entry for the weekly report. The final version of the weekly report was released.

**000024**    **November 22, 2005** - 1 page. E-mail from DOC employee Tracey Rhoades to

13

DOC employee Karen Cowles. Subject: "Re: NTIA press events week of 11/28." One paragraph redacted which is the same paragraph that was redacted in 000023. The redacted portion of this document is predecisional and deliberative in that it consists of a recommended draft entry for the weekly report. The final version of the weekly report was released.

000025    **November 28, 2005** - 1 page. E-mail from DOC employee John Kneuer to DOC employee Meredith Atwell. Subject: "Q&A for ICANN/GAC." Five paragraphs redacted which consist of Mr. Kneuer's opinions and recommendations concerning potential questions that might arise with regard to .xxx application. The redacted portions of this document are predecisional and deliberative in that they consist of an employee's opinions concerning matters surrounding the .xxx application, given in advance of any final decision regarding the application.

000027    **December 8, 2005** - 1 page. E-mail from DOC employee Suzanne Sene to DOC employee Ashley Heineman. Subject: "Re: Reminder: Weekly." 1 paragraph redacted which consists of a proposed entry for the weekly report. The redacted portion of this document is predecisional and deliberative in that it consists of a recommended draft entry for the weekly report. The final version of the weekly report was released.

The following six documents consist of e-mails which were released in their entirety, and their attachment which was withheld pursuant to the deliberative process privilege incorporated into FOIA Exemption (b)(5). The attachment for all six documents consists of draft versions of a memorandum through DOC employee Robin Layton to DOC employee Mike Gallagher. The subject of the memorandum is "GAC Meeting in Vancouver – Key Issues." The memorandum varies in length from 5 pages to 7 pages due to the various edits made and spacing issues. They are withheld in their entirety pursuant to the deliberative process privilege incorporated in FOIA Exemption (b)(5). They are recommendations to a DOC decisionmaker on how to address various issues in a final document, and what that document should contain. The information withheld is internal pre-decisional deliberative material, the release of which would discourage open and frank discussions within the DOC about what the final documents should contain on various matters, and create public confusion due to disclosure of reasons and rationales that may not have been the grounds for the agency's final response. The material withheld does not represent final agency decisions on the matters contained therein.

To the extent that factual information is included within the withheld material, it is protected by the deliberative process privilege because the facts were selectively chosen as part of the decision making process. The factual information is, therefore, an integral part of the deliberations undertaken by the DOC in determining how best to draft this document. This document was a working document and a final version was never produced.

000028    **November 16, 2005** - 7 pages. E-mail from DOC employee Robin Layton to

|  |  |
|---|---|
|  | DOC employee Fiona Alexander. Subject: "Fwd: memo to mike re gac/vancouver." Five page draft memorandum described above withheld. |
| **000029** | **November 16, 2005** - 8 pages. E-mail from DOC employee Robin Layton to DOC employee Suzanne Sene. Subject: "Some initial thoughts on the GAC paper." Seven page draft memorandum described above withheld. |
| **000030** | **November 17, 2005** - 13 pages. E-mail from DOC employee Suzanne Sene to DOC employee Robin Layton. Subject: "memo to oas re vancouver meeting." Two versions of the draft memorandum described above withheld. |
| **000031** | **November 22, 2005** - 8 pages. E-mail from DOC employee Suzanne Sene to DOC employee John Kneuer. Subject: "oia memo to oas re vancouver." Seven page draft memorandum described above withheld. |
| **000032** | **November 22, 2005** - 7 pages. E-mail from DOC employee Suzanne Sene to DOC employee John Kneuer. Subject: "oia memo to oas re vancouver." Six page draft memorandum described above withheld. |
| **000033** | **November 22, 2005** - 7 pages. Exact duplicate of 000032. |

C. <u>Documents Withheld in Part Pursuant to FOIA Exemption (b)(6)</u>

Portions of the following document has been withheld in part pursuant to FOIA Exemption (b)(6), which protects personal privacy interests and exempts from disclosure information about individuals if the individual's interest in privacy outweighs the public's interest in disclosure. Under the FOIA, disclosure of information is in the public interest if it would contribute to public understanding of the operations or activities of the Government. The information protected below consists of an individual's personal cell phone number and social security number, which is personal information the disclosure of which would not contribute to public understanding of the operations or activities of the Government. The strong interest of the individual in protecting personal privacy interests outweighs any minimal public interest in disclosure of the information.

|  |  |
|---|---|
| **000034** | **November 23, 2005** - 1 page. E-mail from DOC Employee Suzanne Sene to DOC employee Frank March. Subject: "Re: Vancouver." Personal cell phone number redacted. |
| **000035** | **November 28, 2005** - 1 page. E-mail from DOC employee John Kneuer to DOC employee Suzanne Sene. Subject: "Re: Fwd: FW: tripleX and asia TLDs." Personal cell phone number redacted. |
| **000036** | **Undated** - 15 pages. Travel Voucher of John Kneuer. Social Security number redacted. |

15

D. <u>Document Withheld in Part Pursuant to FOIA Exemptions (b)(2) and (b)(6)</u>

The following document is withheld in part pursuant to FOIA Exemptions (b)(2) and (b)(6). Exemption (b)(2) protects from disclosure records related solely to the internal personnel rules and practices of the agency. DOC employees' security clearance levels are being withheld under "high (b)(2)." Release of security clearance levels would inform the public that certain individuals had access to national security information and that could potentially make these individuals targets.

FOIA Exemption (b)(6) protects personal privacy interests and exempts from disclosure information about individuals if the individual's interest in privacy outweighs the public's interest in disclosure. Under the FOIA, disclosure of information is in the public interest if it would contribute to public understanding of the operations or activities of the Government.

**000037**       **November 22, 2005** - 2 pages. Cable from DOC headquarters. The redacted information consists of an individual's security clearance level, the release of which would inform the public that this individual had access to national security information, and the individual's date of birth and passport number, which is personal information the disclosure of which would not contribute to public understanding of the operations or activities of the Government. The strong interest of the individual in protecting personal privacy interests outweighs any minimal public interest in disclosure of the information.