# ICM REGISTRY, LLC

## v.

# UNITED STATES DEPARTMENT OF COMMERCE
## and
# UNITED STATES DEPARTMENT OF STATE

## Civil Action No. 06-0949

## Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ICM REGISTRY, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>DEPARTMENT OF STATE ET AL.,<br><br>            Defendants. | Civil Action No.<br>06-0949 (JR) |

### DECLARATION OF JOHN O. JEFFREY

I, John O. Jeffrey, declare and state as follows:

    1.  I am General Counsel and Secretary at the Internet Corporation for Assigned Names and Numbers, a public-benefit non-profit corporation formed under the laws of California (ICANN). I have been a Member of the California and United States Federal Court and Circuit Court Bars serving California, since 1988.

    2.  I came to ICANN in 2003, prior to which I was Executive Vice President, Corporate Strategy and General Counsel for Live365, Inc. Prior to this, I held business and legal affairs positions at Discovery Communications,

Telecommunications, Inc., and Fox Television, and I practiced litigation in private law firms in Los Angeles, California.

3. The document labeled E71 in this litigation originated with ICANN and was provided to the United States government by ICANN personnel. This declaration provides information in support of the Department of State's decision not to release document E71 in response to a Freedom of Information Act request. I make the statements in this declaration based upon my personal knowledge, which in turn is based on a personal review of document E71 and ICANN's records, as well as on conversations with other ICANN personnel and my personal knowledge of the subjects at issue in document E71.

4. Document E71 contains text from two emails, one quoted within the other. It is evident from ICANN's records that the contents of document E71 were sent by an ICANN Senior Executive to several United States government officials, and that the material in document E71 was clearly and prominently marked "Confidential."

5. The content of the emails, both of which were written by ICANN personnel with whom I have discussed these emails, reports impressions, observations, and assessments of meetings between ICANN personnel and European Union (EU)

staff in October 2005, in anticipation of the November 2005 meeting of the World Summit on the Information Society (WSIS) in Tunisia. Despite ICANN's general policy of openness, conversations between ICANN Staff and governmental officials -- whether EU, United States, or other governments -- would not be reported to the public, in order to allow ICANN to both understand and prepare for broader discussions in international governmental fora. Reporting conversations that ICANN was having with other governments permitted ICANN to inform United States government officials involved or having some oversight over ICANN to be fully informed regarding ICANN's and other parties' positions in such fora. If ICANN were required to report such private conversations to the public, it would make it very difficult for ICANN to obtain information to support ICANN's technical coordination role and the discussion of this role, particularly in dialogue of such an international nature.

6. ICANN and its personnel were under no obligation to provide the information in document E71 to the United States government, nor did the United States government solicit this information from ICANN. It was provided entirely voluntarily, in order to assist the United States government in preparation for the politically controversial

discussions surrounding the WSIS meeting in Tunisia. The information in document E71 has not been released to the public, nor is it information that ICANN personnel would customarily make available to the public, as doing so could harm both ICANN's and the United States government's interests in the global debates on the structures and procedures of internet governance. If the government could not withhold such information in response to a Freedom of Information Act request, ICANN would seek to avoid providing it to the government in the first place or in similar situations in the future. Accordingly, as I have previously informed the Department of State, ICANN opposes release of the information redacted from document E71.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 19th day of June 2007.

John O. Jeffrey