**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ICM REGISTRY, LLC,                                ) | |
|                   Plaintiff,    ) | |
|                                  ) | |
|      v.                              ) | Case No. 1:06CV00949 (JR) |
| UNITED STATES DEPARTMENTS  ) | |
| OF COMMERCE and STATE,      ) | |
|                                  ) | |
|                Defendants.   ) | |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff ICM Registry, LLC ("ICM"), hereby respectfully submits this notice of supplemental authority to direct the Court's attention to the December 7, 2007, decision by the U.S. Court of Appeals for the D.C. Circuit in *Morley v. CIA*, __ F.3d __, 2007 WL 4270576 (D.C. Cir. 2007) (copy attached), that is controlling authority on issues raised in ICM's Renewed Motion for Summary Judgment and the Reply relating thereto.

This case involves ICM's appeal of Commerce and State Department withholding of certain records responsive to ICM's requests under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), primarily under the "deliberative process" privilege incorporated into FOIA Exemption 5, 5 U.S.C. § 552(b)(5). To the extent there is uncertainty regarding the authorship of some documents still in dispute, *see, e.g.*, Pl. Cons. Opp. To Def. Second Mot. for Sum. J. and Mem. in Support of Renewed Mot. for Sum. J. (Doc. No. 21) at 27 n.44, *Morley v. CIA* held that agency failures to provide author (and recipient) information for documents withheld under Exemption 5 can preclude this Court from sufficiently discerning the nature of the record(s) in order to find that an agency has met its burden of showing that the exemption applies. *See* 2007 WL 4270576 at *15.

In addition, the Commerce and/or State Departments have withheld some records in full on grounds that, once the putative Exemption 5 withholding is applied, no meaningful material may be segregated and released, yet the agencies have made no showing, beyond reciting this boilerplate standard, that segregable content does not exist. *See, e.g.*, Pl. Cons. Opp. To Def. Second Mot. for Sum. J. and Mem. in Support of Renewed Mot. for Sum. J. (Doc. No. 21) at 23 n.36. *Morely v. CIA* held that District Courts must make express findings on segregability – even if a court must do so *sua sponte* – and that failure to do so is "clear error." *See* 2007 WL 4270576 at *11. The fact that the agencies have failed to make any showing on this point besides reciting the type of boilerplate language that this court already has held is insufficient to carry the agencies' burden, *ICM Registry, LLC v. Department of Commerce*, 2007 WL 1020748 at *7 (D.D.C. March 29, 2007), must factor in consideration of the segregability finding that *Morley* makes clear this Court is required make.

Dated this 20th day of December, 2007.

Respectfully submitted,

DAVIS WRIGHT TREMAINE L.L.P.


_____/s/ Robert Corn-Revere_____
Robert Corn-Revere – Bar No. 375415
Ronald G. London – Bar No. 456284
Davis Wright Tremaine LLP
1919 Pennsylvania Ave, N.W., Suite 200
Washington, D.C.  20006
(202) 973-4200

ATTORNEYS FOR PLAINTIFF
ICM REGISTRY, LLC